SAMUEL DAVIS, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed February 3, 1920.

1. STREET RAILROADS: Negligence: Contributory Negligence: Au-
tomobile Truck Turned in Front of Approaching Street Car: Evi-
dnce: Question for the Jury. In an action for personal injuries
sustained by plaintiff, and for damages to an automobile truck be-
longing to him, caused by the truck being struck by a street car
whilst the truck was making a turn on the tracks in front of a
street car, when the street car was about 250 feet away traveling
at a rate of about twenty-five miles an hour, evidence reviewed and
*held* that whether plaintiff and his chauffeur were guilty of neg-
ligence contributing to plaintiff's injury and loss was a question
for the jury; that assuming the truth of the testimony favorable
to plaintiff, it was for the jury to determine whether or not a rea-
sonably prudent man, under the circumstances, would have at-
tempted thus to turn his truck in the street when the street car
was 250 feet away.

2. INSTRUCTIONS: Error in Plaintiff's Instruction Defining Degree
of Care Required of Automobile Driver Not Cured by Defendant's
Correct Instruction. In an action for personal injuries sustained
by plaintiff, and for damages to an automobile truck belonging to
him caused by the truck being struck by a street car whilst the
truck was making a turn on the tracks in front of a street car,
when the street car was about 250 feet away traveling at the rate
of about twenty-five miles an hour, an instruction that plaintiff
and his chauffeur were required, etc., to exercise ordinary care,
was erroneous under subdivision 9 of section 12 of the Motor
Vehicles Act of 1911 (Laws 1911, p. 322), requiring the highest
degree of care, and *held* that the error in giving plaintiff's in-
struction, telling the jury that plaintiff and his chauffeur were
required to exercise only ordinary care for the safety of plaintiff,
was not rendered harmless or nonprejudicial error by the giving
of a proper instruction at the request of defendant, telling the
jury that it was the duty of the driver of the automobile to exercise
a very high degree of care in the operation of the automobile truck
in his movements upon the street.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. William T. Jones,* Judge.

REVERSED AND REMANDED.

*Charles W. Bates, T. E. Francis, Alva W. Hurt,* and *Chauncey H. Clarke* for appellant.

(1) Plaintiff's instruction No. 1 is erroneous for the reason that it permitted a recovery on the theory that the car was operated at a negligent rate of speed, when plaintiff's contributory negligence bars a recovery under that theory, as a matter of law. Plaintiff was guilty of contributory negligence in failing to order his chauffeur to drive into a position of safety, and in failing to order him not to drive across the southbound track, and in allowing him to drive across the southbound track; and the chauffeur was guilty of negligence, which negligence is imputable to plaintiff, in failing to drive into a position of safety, and in driving across the southbound track, after both plaintiff and the chauffeur saw that the car was approaching them a short distance away at a high rate of speed. McGauley v. St. Louis Transit Co., 179 Mo. 583, 590; Roenfeldt v. St. Louis & Surburban R. Co., 180 Mo. 554, 564; Stotler v. Chicago, etc., R. Co., 204 Mo. 619, 641; Huggart v. Missouri Pacific R. Co., 134 Mo. 673, 679; Holland v. Missouri Pacific R. Co., 210 Mo. 338, 351; Laun v. St. Louis etc., R. Co., 216, Mo. 563, 580; Grout v. Electric Ry. Co., 125 Mo. App. 552, 559; Costello v. United Rys. Co., 213 S. W. 179, 180; Blythe v. United Rys. Co., 211 S. W. 695, 697; Leapard v. Kansas City R. Co., 214 S. W. 268; Gubernick v. United Rys. Co. (decided by Sup. Ct. December 1, 1919). (2) Plaintiff's instruction No. 1 is erroneous for the reason that it charged the jury that plaintiff could not be denied a recovery on the ground that his chauffeur was guilty of contributory negligence unless the latter failed to exercise ordinary care, whereas the chauffeur was guilty of contributory negligence, barring a recovery by plaintiff, if he failed to exercise the highest degree of care. England v. South-

west Missouri R. Co., 180 S. W. 32, 34; Threadgill v. United Rys. Co., 214 S. W. 161, 165.

*Brownrigg, Mason & Altman* for respondent.

(1) The evidence on behalf of the plaintiff tended to show that his truck, driven by his chauffeur, proceeded south on Broadway along the southbound track for at least two hundred feet before it was struck by. the street car which was following on that track; that on coming near to Penrose street the head of the truck swung slightly to the east, then turned across the southbound track and stood with the front wheels almost up against the west curb and the rear of the truck still on the southbound track; that a portion of the truck was at all times on the southbound track from the time the truck entered the track, two hundred feet further up the street, and that the truck thus came to a standing position while the street car was still over two hundred feet away, and that the truck was thus maneuvering for the purpose of backing toward the east. On this showing neither the plaintiff nor his chauffeur was guilty of negligence. Bruening v. Metropolitan St. Ry. Co., 180 Mo. App. 434, 440; Muehlebach Brewing Co. v. Dunham, 177 S. W. 1067; Kinlen v. Railroad, 216 Mo. 145; Strauchon v. Railway Co., 232 Mo. 587; Schafstette v. St. L., etc., Ry. Co., 175 Mo. 142. (2) Appellant has not brought before the court, and cannot bring before the court, all the evidence presented to the jury bearing upon the question of contributory negligence, hence is not entitled to ask this court to go into the question as to whether or not plain- guilty of contributory negligence as a matter of law. tiff, upon all the evidence, should have been held The abstract shows, as pointed out, that, to a large extent, the examination of plaintiff's. witnesses by the defendant was conducted by signs and illustrations, which cannot be put into the record. Though, in instruction No. 1, given at the instance of the plaintiff, the

court failed to properly define the care which the plaintiff must exercise for his own safety, yet the jury could not have been misled by this, because in instruction No. 5 (Abs., p. 83) the court, at the instance of the defendant, instructed the jury that it was the duty of the driver of the automobile in question "to exercise a very high degree of care in the operation of the automobile truck in its movements on the street. By a very high degree of care is meant that dgree of care which a very careful and prudent man would exercise under like or similar circumstances." Therefore, the instructions, taken as a whole, correctly define the standard of care required of the plaintiff and his chauffeur. Instruction No. 5 given for the defendant was not inconsistent with instruction No. 1 given for the plaintiff, but No. 5 was rather in amplification and explanation of No. 1. Havarka v. Transit Co., 191 Mo. 454.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff, and for damage to an automobile truck belonging to him, caused by said truck being struck by a street car operated by the defendant. The trial below, before the court and a jury, resulted in a verdict and judgment in favor of plaintiff for $1500, from which judgment the defendant appeals.

At the time of the casualty in question, plaintiff, with four other men, was an occupant of the truck, which was standing with the rear end thereof upon or across the defendant's south-bound tracks on Broadway, a street extending north and south in the City of St. Louis, near East Penrose Street, a street which enters Broadway from the east. The evidence shows that prior to the collision, which occurred between two and three o'clock in the afternoon of October 2, 1915, plaintiff's truck, in charge of one Schlarman, plaintiff's chauffeur, had stopped on the west side of Broadway in front of plaintiff's place of residence, a short dis-

tance north of Ferry street, the next street intersect-
ing Broadway north of East Penrose. Upon Broadway
defendant maintained double street car tracks. It is
said that at that time defendant's south-bound car was
standing at Bellefontaine Road, a block north of
Ferry Street. According to testimony for plaintiff the
truck was driven south on the west side of Broadway, and
west of defendant's west or south-bound track on that
street, for a distance of two hundred or two hundred and
fifty feet, when it veered to the east and came upon
or over defendant's south-bound track, along which it
was driven for perhaps a distance of two hundred feet
to a point near East Penrose street. The truck was a
large one, broader than the street car track. It was the
chauffeur's intention to back the truck to the east side
of Broadway, just north of East Penrose street, for the
purpose of removing a piano from a building on the
northeast corner of Broadway and East Penrose. The
evidence shows that upon nearing East Penrose street,
the chauffeur first swung the truck to the east and then
turned it to the west, or southwest, in order that it
might be backed to the east side of the street. Ac-
cording to testimony for plaintiff, in making this turn
to the east the rear wheels were at no time entirely
removed from the south-bound track, but the front
wheels moved over upon the north-bound track. After
making these movements, the truck, which was then
headed toward the southwest, was stopped with its
wheels near the west curb of the street, the rear end
thereof being on defendant's south-bound track. While
in this position it was struck by defendant's south-
bound car, whereby plaintiff was injured and the truck
damaged.

Plaintiff was standing in the truck, back of the
driver's seat. According to his testimony, after the
truck had been swung slightly to the east and was
beginning to turn to the west he observed the street
car approaching from a point about two hundred and

fifty feet away; that he held out his hand as a signal for the car to stop. There is some conflict and uncertainty in the testimony as to the distance traversed by the truck in turning first to the east and then to the west, but, in any event, the testimony, when viewed in the light most favorable to plaintiff, makes it appear that the rear portion of the truck never left the south-bound track, and that as the head of the truck began to turn toward the west, so as to bring the front wheels across the south-bound track, the street car was about two hundred and fifty feet distant.

The evidence for defendant tends to show that the truck was first moved to the east side of Broadway, and then, without warning, was turned across defendant's south-bound track almost immediately in front of the oncoming street car.

Plaintiff's evidence tends to show that defendant's car was travelling at a speed of about twenty-five miles per hour; and that, proceeding at that rate, it could have been stopped, with the appliances at hand, in a distance of from one hundred and ten feet to one hundred and fifteen feet.

The cause was submitted to the jury upon two assignments of negligence pleaded: namely, (1) the negligent operation of the street car at an excessive and dangerous speed, and (2) negligence under the last chance doctrine. There is no contention here that the court erred in overruling defendant's demurrer to the evidence. On the contrary it is impliedly conceded that the case made was one for the jury under the last chance doctrine, but error is assigned to the giving of plaintiff's first instruction, which permitted a recovery as for the operation of defendant's car "at an excessive and dangerous rate of speed."

The first attack upon this instruction is that it was error to submit the case to the jury at all upon this assignment of negligence, for the reason that the evidence conclusively shows that plaintiff and his chauffeur

were guilty of contributory negligence as a matter of law barring a recovery herein. We think that the facts, as we have briefly stated them above, sufficiently dispose of this contention. We regard it as entirely clear that whether plaintiff and his chauffeur were guilty of negligence contributing to plaintiff's injury and loss was a question for the jury; that, assuming the truth of the testimony favorable to plaintiff, it was for the jury to determine whether or not a reasonably prudent man, under the circumstances, would have attempted to thus turn this truck in the street when the street car was two hundred and fifty feet away.

This instruction, however, closes with the words: . . . if you further find that plaintiff and his chauffeur were at the time of and just prior to said collision exercising ordinary care for plaintiff's own safety." It is contended by appellant that it was reversible error to give the instruction in this form, for the reason that plaintiff and his chauffeur were required to exercise the highest degree of care for plaintiff's own safety.

In this connection it may be noted that plaintiff's instruction No. 3 defined "ordinary care" as being "such care as a person of ordinary skill and prudence would have exercised under the same or similar circumstances;" and further, that at the instance of defendant the court gave an instruction (defendant's instruction No. 5) telling the jury "that it was the duty of the driver of the automobile to exercise a very high degree of care in the operation of the automobile truck, in his movements upon the street," and that by such care is meant "that degree of care which a very careful and prudent man would exercise under like or similar circumstances."

It will be observed, therefore, that in phraseology plaintiff's instruction No. 1, as supplemented by his instruction No. 3, is in conflict with defendant's said instruction No. 5.

At the time of this casualty subdivision 9 of section 12 of the Motor Vehicles Act of 1911 (Laws 1911, p. 322, l. c. 330) was in force and effect, requiring the driver of an automobile to exercise "the highest degree of care that a very careful person would use, under like or similar circumstances." And in Threadgill v. United Railways Co., 214 S. W. 161, the Supreme Court has ruled that under this statute the failure of the driver of an automobile to exercise the highest degree of care for his own safety, constitutes contributory negligence on his part.

It was therefore error to give plaintiff's instruction No. 1 in this form, i. e. telling the jury that plaintiff and his chauffeur were required only to exercise ordinary care for the safety of plaintiff. Respondent contends, however, that under the evidence there is no room for any distinction between ordinary care and the highest degree of care; that if the jury believed plaintiff's evidence, then he was exercising the highest degree of care; while on the other hand if the jury believed the evidence adduced by defendant, plaintiff did not exercise even the slightest degree of care. But it seems clear that even under the evidence adduced by plaintiff, when taken as a whole, the question as to the degree of care which plaintiff or his chauffeur was required to exercise was a matter to be reckoned with in the trial below.

It is further argued for respondent that there is no real conflict between plaintiff's instruction No. 1 and defendant's instruction No. 5, for the reason, that under the circumstances present, ordinary care would require the exercise of extreme caution and vigilance on the part of the driver of the automobile, and would be tantamount to a very high degree of care. But it must be borne in mind that these instructions were not addressed to men of trained legal minds, but to laymen composing the jury. And plaintiff's instruction No. 1, upon its face, may be said to prescribe a rule of

conduct for the driver of an automobile different from that prescribed by defendant's instruction No. 5, which, under the ruling in the Threadgill case, supra, was a proper instruction.

We do not feel at liberty to hold that the said error in giving plaintiff's instruction No. 1 was harmless or non-prejudicial error. It follows, therefore, that the judgment should be reversed and the cause remanded. · It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.