W. W. STEWART, RESPONDENT, v. J. L. JEFFRIES, APPELLANT.

In the Springfield Court of Appeals. January 15, 1931.

*James E. Sater* and *E. C. Medlin* for appellant.

*John O. Sanders* and *J. S. Davis* for respondent.

SMITH, J.—This is an action for damages for personal injuries. On the night of May 21, 1928, the plaintiff had been driving a Chevrolet touring car, headed south, and had driven about five miles out of Monett, and something had gone wrong with his car; he had noticed it for a quarter of a mile or more before he stopped his car. He stopped his car in the road. It is a controverted question as to just where it was stopped, the plaintiff claims it was stopped as far to the right side as it could be, the defendant claims it was stopped in the part of the road usually used for travel. It was a dark rainy night. The plaintiff was driving the car himself with another man riding with him.

The plaintiff contends that something got wrong with his car and that he switched on his light, got out, raised the hood and was standing there on the left-hand side of his car examining the motor looking for the engine trouble when his car was run into and struck from behind by defendant's truck which weighed 5400 pounds and was heavily loaded with furniture. The impact was so great that it knocked the Chevrolet car five or six feet ahead and down an embankment of possibly twelve feet and into an adjoining field. The plaintiff contends he was injured by being knocked unconscious and was seriously and permanently injured in his head, shoulders and back, and his hearing in one ear impaired fifty per cent.

There is no criticism made of the petition so we do not set it our here.

The plaintiff sought damages in the sum of seven thousand five hundred dollars. The answer was a general denial together with

a plea of contributory negligence. A reply was filed denying the allegations of contributory negligence as set up in the answer.

Trial was had to a jury and verdict rendered in favor of plaintiff in the sum of three thousand seven hundred and fifty dollars, and judgment entered for that amount. Motion for new trial was filed and overruled and the attorney for the defendant filed an affidavit for appeal to this court, which was granted.

The plaintiff suggests that this court has no jurisdiction to hear this appeal because of the form of the affidavit for appeal. There is no merit to this contention, for the affidavit is practically in the exact form of the affidavit in the case of State ex rel. Title Guaranty & Trust Co. v. Broaddus et al., 210 Mo. 1, 108, S. W. 544, wherein the Supreme Court held that an affidavit made by an attorney, as in this case, wherein he used pronouns usually used in referring to himself rather than to his client were clerical errors which did not mislead or in any way prejudice the rights of the respondent and the affidavit was sufficient to confer jurisdiction on the Court of Appeals.

There are several assignments of error before us but we are convinced this cause will have to be retried because of error in plaintiff's instructions with reference to the degree of care required of the plaintiff in connection with the defense of contributory negligence.

Without setting out these instructions in full it is sufficient to say that the plaintiff's instructions numbered 1, 2, 3, and 5, informed the jury that it was the duty of the defendant or his agents to exercise the highest degree of care in operating the truck which struck the plaintiff and that a failure to exercise the highest degree of care on his part was negligence and if the plaintiff was injured by reason of such negligence the defendant was liable, and that the plaintiff was only required to use ordinary care for his own safety. The plaintiff requested and the court gave instruction numbered 2, the first paragraph of which is as follows: ''The court instructs the jury, that if you shall find and believe from the evidence that the plaintiff, when he stopped his automobile on the highway, placed the same with the right side thereof as near the right side of the highway as was practicable, and otherwise exercised ordinary care then you cannot find plaintiff guilty of contributory negligence.''

The last part of plaintiff's instruction numbered 3, is as follows: ''And if you further find that plaintiff's said injuries were directly and proximately caused by the negligence of the driver of said truck as defined in these instructions and that plaintiff was at the time in the exercise of ordinary care for his own safety, then your finding and verdict should be for the plaintiff.'' And instruction numbered 4 requested by and given for the plaintiff is as follows: ''The court instructs the jury that by the term 'highest degree of care' as used in these instructions, is meant that degree of care which

a very careful person would use under the same or similar circumstances; and the failure to use such care constituted negligence.

"And the term 'ordinary care,' as used in these instructions is meant that degree of care which an ordinary prudent person would use under the same or similar circumstances."

The plaintiff takes the position that he was not operating a car at the time of his injury and therefore the provision of the statute (section 19, page 91, Laws of Missouri 1921, Extra Session) wherein it provides that "Every person operating a motor vehicle on the highways of this State . . . shall exercise the highest degree of care" does not apply to him, and that when plaintiff "places his car with its right side as near the right hand side of the highway as practicable and, at night, leaves his lights on, he has done all that the law requires. There is no 'ordinary care' or 'highest degree of care' required of him under the statute. His duty is thus fixed; and when he has done what is thus prescribed, he cannot be charged with negligence." The plaintiff contends that section 21 (a) of the above statute applies to him in this case because his car was not in motion, and takes the position that because the car was not in motion, and at the particular moment he was struck, that he was not operating the car and that the law as to exercising the highest degree of care does not apply to him.

It seems that the courts of this State have not been called on to define the words "operate" and "driving" in connection with motor vehicles, but the question has been discussed by the courts of other States, and we might take those opinions and set out what the courts of other States say as a basis for our conclusion here, but we think it unnecessary. The very wording of the statute makes it plain. Section 19 says, "Every person operating a motor vehicle upon the highways of this State . . . shall exercise the highest degree of care" and section 21 says, "Every person operating or driving a vehicle upon the highways of this State shall comply with the following rules, (a) all vehicles not in motion shall be placed with their right sides as near the right-hand side of the highway as practicable, . . . (b) all vehicles when in operation must be kept as close to the right-hand side of the highway as practicable."

Section 19 subsection (a) is susceptible of no other construction than this, that the operator of a motor vehicle if he stops it, must stop it as close to the right-hand side of the highway as practicable, and it would be too narrow a construction to attempt to say that while a motor vehicle was moving it was being operated, but the moment it stopped by reason of lack of gasoline, or by reason of defective spark plug, or a broken gas line, or from any other cause, it was not in operation, and that the person who had been driving and had gotten out from under the steering wheel, and was attempt-

ing to find the trouble was not its operator, and was not then engaged in operating it. So it is our conclusion that the plaintiff was operating the motor vehicle upon the highway at the time of his injury, and since we have reached this conclusion, it follows that the same degree of care applies to him as applies to the defendant in this case. And since the instructions required by plaintiff and given by the court told the jury that a different degree of care applied to the defendant to that applied to the plaintiff in the case will have to go back for another trial and especially so because the defendant pleaded contributory negligence in his answer, contended throughout the trial that the plaintiff was required to use the highest degree of care, and so worded the instructions requested by him, and never at any time by pleadings or instructions intimated or conceded in any way that the plaintiff was required to use only ordinary care.

The case of Threadgill v. United Railway Company, 279 Mo. 466, 214 S. W. 161, wherein the court was discussing the rule under the old statute, similar to the new statute, in a leading case on this question, and one controlling upon us here. This case has been followed many times since then, and some of them in construing the statute as it is now written. [Daniel v. Pryor et al., 227 S. W. (Mo. Sup.) 102; Gude v. Weick Bros. Undertaking Co., 16 S. W. (2d) (Mo. Sup.) 59; Davis v. United Railway Co., 203 Mo. App. 373, 218 S. W. 357; Hults v. Miller, 299 S. W. 85.]

Our attention has been called to cases of our courts where only ordinary care was required of the plaintiff, but the pleadings were different in some of those cases, and in some the defendant submitted in his instruction the question of the degree of care as being ordinary care, and was held to the same position in the appellate court.

Under a case as here where contributory negligence is pleaded, where some of the defenses were the lack of proper care on the part of the plaintiff in the location of his stopped car on the highway and the lighting thereof, we think it was error to not instruct the jury that the plaintiff was required to exercise the highest degree of care for his own safety and to not do so constituted contributory negligence on his part, and this is true although a correct instruction was given at the request of the defendant. [Davis v. United Railway Co., supra.]

Instruction numbered 5, given at the instance of the plaintiff is as follows: "The court instructs the jury that even though you find and believe from the testimony that plaintiff some time prior to the injury had been drinking intoxicating liquor you cannot find against the plaintiff on that account alone unless you further find and believe from the testimony plaintiff was not at the time of the injury in the exercise of ordinary care for his own safety and unless you

further find that his failure to use ordinary care for his safety, if you do so find, was caused by plaintiff's drinking such intoxicating liquor, if you do so find that he was drinking intoxicating liquor."

This instruction is subject to the criticism heretofore mentioned as to the other instruction with reference to the degree of care on the part of the plaintiff, and in addition to that criticism it seems to be confusing and seems to convey the impression that the plaintiff should be freed from the exercise of any care whatever for his own safety except for carelessness and negligence brought about by reason of his intoxication.

We think there was sufficient competent testimony to justify the court in refusing the defendant's instruction in the nature of demurrer.

There are other assignments of error but we deem it unnecessary to consider them now as likely they will not appear at the next trial.

For the reasons heretofore given the judgment should be reversed and the cause remanded for another trial .

It is so ordered.  *Cox, P. J.,* and *Bailey, J.,* concur.