**Tyre F. TETERS, Appellant,**

v.

**KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Respondent.**

No. 45333.

Supreme Court of Missouri,
Division No. 2.

March 11, 1957.

Motion for Rehearing or to Transfer to Court en Banc Denied April 8, 1957.

512

Homer A. Cope, and Walter A. Raymond, Kansas City, for appellant.

Frank J. Rogers, Kansas City, for respondent.

BOHLING, Commissioner.

This is an action by Tyre F. Teters for $50,000 damages for alleged personal injuries when a trolley bus of the Kansas City Public Service Company, a corporation, came in contact with the left rear door of a delivery truck under his control. Verdict and judgment for defendant. Plaintiff appeals and assigns error in the admission of evidence and the giving of instructions.

Plaintiff was a salesman for the General Baking Company, making deliveries to retail merchants along his route from a Ford Van-ette truck six days a week. The truck was about 15 feet long and 5 feet or more wide. Plaintiff needed an additional 5 feet for unloading purposes. The truck body extended out over the wheels, had no fend-

ers, was about 6 feet high, and had three rows of shelves for loading, transporting and unloading the merchandise. The rear vision mirror at the left front of the truck extended 10 to 12 inches beyond the side of the truck. At the rear were two doors, each about 2½ feet wide, opening, by means of a knob, outwardly from the center. The rear doors were fitted with catches permitting them to be kept open in a position parallel with the sides of the truck body, and also at right angles to the sides, the latter being the position of the doors when the truck backed up to the dock for loading. Plaintiff estimated he opened the rear doors 200 times daily. Plaintiff's evidence was the truck was about a 1946 or 1941 model.

Fifteenth street has six lanes for traffic. A bus zone, located along the north curb of 15th street, extends eastwardly 80 to 90 feet from Brooklyn avenue. It was marked with heavy white lines, had "Don't Park Here" painted in the zone, and a bus stop sign at the west end.

About 10:30 a.m., September 20, 1951, a nice day, plaintiff, westbound on 15th street, parked his truck in said bus zone about 3 to 8 inches south of and parallel with the north curb of 15th, intending to service a grocery at the northeast corner of the intersection. Plaintiff estimated the front of his truck was about 60 feet east of the crosswalk at Brooklyn. His witness Close put it 10 feet back from the corner. A defendant's witness estimated the truck was 25 to 30 feet, the bus operator estimated 60 feet, from the corner.

An assignment involves the submissibility of plaintiff's contributory negligence. Defendant's trolley bus was westbound in the second traffic lane. Fifteenth and Brooklyn is a transfer point where passengers usually board or alight. George A. Lentz, the operator, was preparing to stop and when about 75 feet away, noticed a large truck parked in the bus zone. He thought the rear doors were partially open but did not see plaintiff. He could not safely pull up to the curb in the zone to receive or discharge passengers. He contin-

ued ahead with 2 feet of clearance between the south side of the truck and the bus. After the front of the bus had passed the front of the truck, he heard a scraping noise toward the rear of the bus and immediately stopped, with the rear of the bus along the side of the truck. He could not tell what had happened. He got out and walked between the truck and the bus to the rear of the truck, there being 2 feet of space between them. Plaintiff was standing upright back of the truck. He gave no indication of being injured and made no complaint. Lentz examined the truck and bus, and stated the only damage was to the left rear door of the truck, which was trivial; that there were no marks on the side of the bus; and the bus cleared the truck's rear vision mirror.

The bus was 38 to 40 feet long. Just to the rear of the exit door are three metal steps which fold against the side of the bus. They extend out 3 inches when in use to reach the top of the bus; for instance, if a trolley rope breaks. Lentz was of the opinion the truck door had struck the middle step as it was down after the accident.

Mrs. Allene Plympton, a passenger on the rear bus seat, heard a scraping sound about midway back on the side of the bus, looked up, saw the truck door, completely out, due south from the truck, and vibrating back and forth from the impact. It was not shoved up against the rear of the truck. Mrs. Edna Wegner, also on the rear seat, saw the man swing the truck doors open as the bus was passing, heard the scraping sound, and then saw the door vibrating, swinging back and forth. Other evidence was that the truck door was "bent a little," "crumpled slightly." Plaintiff did not fall to the pavement. Delores Couch, another passenger, gave corroborating testimony.

Plaintiff, after parking, entered the grocery, checked what was needed, and returned to the truck in 5 or 8 minutes. He testified he opened the rear doors to a position parallel with the sides of the truck, put his basket on the pavement at the bumper, and stepped on the bumper and then onto the

floor of the truck to get some merchandise from the top shelf. Then there was a "big bang" and he was thrown backward out of the truck against a car parked just east of the bus zone and onto the pavement and injured.

A witness for plaintiff said there was quite a bit of traffic at the time. Plaintiff stated he did not look for any approaching traffic from the east and did not see the bus until after the accident; that the bus stopped with its back end about the middle of the truck and was about 2 feet south of the truck; that only the left rear door of the truck was damaged, "corrugated," crumpled somewhat; that the rear vision mirror at the front of the truck and the rear bumper and tail light were not damaged, and the paint on the side of the truck showed no marks.

I. Plaintiff claims prejudicial error occurred in admitting testimony that plaintiff's employer's manager in charge of trucks refused defendant's photographer "permission to photograph the truck involved in the collision. Plaintiff could in no way be bound by the words and acts of said manager and as to plaintiff such evidence was hearsay and inadmissible on any legal theory."

John M. Moore, photographer for the defendant, identified two pictures of defendant's bus taken by him on September 22, 1951, which defendant introduced in evidence. He testified he received a requisition from defendant on September 24, 1951, to secure photographs of the truck plaintiff was operating and he proceeded to the office of Mr. Whitmire, the manager in charge of plaintiff's employer's trucks. Then followed:

"Q. Did you tell him what you wanted? A. Yes, sir.

"Q. What did you ask him to permit you to do?"

Plaintiff's counsel objected: "That calls for hearsay testimony and self-serving, invades the province of the jury, incompetent,

irrelevant and immaterial; doesn't tend to prove or disprove any issue in this case and is prejudicial." Upon the court overruling the objection, the witness answered to the effect that he asked permission to take pictures of plaintiff's employer's Van-ette 1946 truck:

"Q. And what had happened to that truck? A. It was damaged in an accident."

Counsel objected on the ground the question called for hearsay testimony "and he is reading from some record. I object to him reading from a record; it is self-serving, no premise laid." Upon the objection being overruled the witness testified he asked permission "to take a picture of the truck involved in the accident at Fifteenth and Brooklyn."

"Q. Did you take the picture? A. No, sir.

"Q. Why didn't you take it? A. He refused me taking pictures of it.

"Q. Did he refuse permission for you to take the pictures? A. Yes, sir."

Plaintiff's counsel stated: "We move all this testimony be stricken as totally irrelevant, incompetent, immaterial, not tending to prove any issue in the case, prejudicial in character." Upon the objection being overruled, the witness stated he was not able to get a picture of the truck.

It is plain, as defendant contends, that plaintiff did not object to this testimony on the ground presented here; namely, that "plaintiff could in no way be bound by the words and acts of said manager." We said in Hoffman v. St. Louis Pub. Serv. Co., Mo., 255 S.W.2d 736, 742 [6]:

"The objection now made to this testimony and argument is that the petition did not plead traumatic neurosis and no claim was made that her ability to bear children was injured. No objection was made that the evidence was not within the pleadings, nor was the trial court's attention called to that feature or ground of the objection.

Consequently, appellant is in no position to here assert it as a ground for reversal. Johnson v. Kansas City Railways Co., Mo. App., 233 S.W. 942, 943 [1]." See also Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539 [3]; Rockenstein v. Rogers, 326 Mo. 468, 31 S.W.2d 792, 801 [16, 17]; Watson v. Race, 46 Mo.App. 546, 552.

■ Objections that testimony is "incompetent," "immaterial," "irrelevant," "self-serving," "prejudicial," and the like, without specification of reason, are generally considered insufficient to preserve anything for review. State ex rel. West v. Diemer, 255 Mo. 336, 350, 164 S.W. 517, 521 [1–3]; Hoffman v. St. Louis Pub. Serv. Co., Mo., 255 S.W.2d 736, 742 [8]; W. C. Hardesty Co. v. Schaefer, Mo.App., 139 S.W.2d 1031, 1036 [10].

■ It is also considered that objections to questions made after the answer come too late. Lesch v. Terminal R. R. Ass'n, Mo., 258 S.W.2d 686, 691 [13], and cases cited; Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S.W.2d 742, 747 [8, 9]; McCrary v. Ogden, Mo., 267 S.W.2d 670, 675 [9].

■ Any error in overruling the motion to strike was not raised in plaintiff's motion for new trial and is not preserved for review. Ozias v. South Side Bk., Mo.App., 128 S.W.2d 283, 286 [3]; Scheidegger v. Thompson, Mo.App., 174 S.W.2d 216, 218 [3]; Gosnell v. Camden F. Ins. Ass'n, Mo. App., 109 S.W.2d 59, 64 [1].

■ At the time of the questioned testimony plaintiff had closed his case and photographs of the truck had not been put in evidence. Defendant had just offered the photographs of its bus. There was no dispute about the truck plaintiff was operating being in the accident. The testimony did not establish or refute a material issue in the case, as was the situation with respect to hearsay testimony in certain of plaintiff's citations. Janis v. Jenkins, Mo., 58 S.W.2d 298, 301 [4]; Sinclair v. Missouri, K. & T.

Ry. Co., Mo.App., 253 S.W. 380, 382 [5]; Martin v. Martinous, Mo.App., 219 S.W.2d 667, 676 [12], among others. The testimony, as plaintiff states, was on a collateral matter, but it had a tendency to show good faith in the production of evidence by the defendant and in explanation for not producing pictures of the truck. Looff v. Kansas City Rys. Co., Mo., 246 S.W. 578, 580 [7]. In view of the foregoing and the record made, the ruling of the court, whether right or wrong, should not be held prejudicial error. Appellate courts are not to reverse judgments unless error be committed materially affecting the merits. Section 512.160, subd. 2 RSMo 1949, V.A.M.S.

We do not reach defendant's contention that under the subrogation provisions of the Workmen's Compensation Act, Section 287.150 RSMo 1949, V.A.M.S., plaintiff's employer was identified in legal interest with plaintiff in the action and the questioned testimony falls within a statement in McComb v. Vaughn, 358 Mo. 951, 218 S.W. 2d 548, 550 [1].

■ II. Defendant pleaded and introduced in evidence, over objections, ordinance provisions reading: "It shall be unlawful for the driver of any vehicle to stand or park in an officially designated bus zone, except that the driver of any passenger vehicle may temporarily stop in any such bus zone for the purpose of and while actually engaged in the loading or unloading of passengers, if such stopping does not interfere with the use of such bus zone by a bus."

Plaintiff contends (based on the testimony most favorable to plaintiff) that the parking of the truck in the bus zone was so remote as to furnish nothing more that a condition and the striking of the truck door by the bus was the sole efficient cause of plaintiff's injuries. Plaintiff cites Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, 246 [4–6]; Smith v. Mabrey, 348 Mo. 644, 154 S.W.2d 770, 772; Von Der Haar v. City of St. Louis, Mo.App., 226 S.W.2d 376, 381 [4, 5].

The contention ignores evidence, among other things, that the bus operator was preparing to stop at the bus zone; that plaintiff's parked truck interfered with his doing so; and that the front of the bus had cleared the whole of the truck before plaintiff swung the rear door out due south of the truck and into the side of the bus as it was passing the truck. See Floyd v. St. Louis Pub. Serv. Co., Mo., 280 S.W.2d 74, 77 [1–3]; Dickerson v. St. Louis Pub. Serv. Co., Mo., 286 S.W.2d 820, 824 [3–10]; Cox v. Wrinkle, Mo., 267 S.W.2d 648, 654 [9], among others. The contention is overruled.

III. Plaintiff argues that his truck had been parked for several minutes at the north curb of the street; that at the time it was being used as a warehouse from which he was obtaining merchandise; that it was not being operated on the highway "when defendant's bus ran into his truck," and that he was not required to exercise the highest degree of care as charged in defendant's instruction No. 11, defining the term "negligence" in accord with section 304.010 RSMo 1949, V.A.M.S., providing:

"Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care" et cetera.

■■ This duty to exercise the highest degree of care is mutual and applies to motorists who sue and motorists who are sued. It has been considered to exist everywhere on the highways and at all times, because no exceptions are authorized. Gude v. Weick Bros. Undertaking Co., 322 Mo. 778, 783, 16 S.W.2d 59, 60; Burlingame v. Landis, 362 Mo. 523, 242 S.W.2d 578, 581. The purpose of the law is the protection of the life, limb and property of all persons riding, driving, or otherwise upon the highways.

■ In Karnes v. Ace Cab Co., Mo.App., 287 S.W.2d 378, 379 [1], a taxicab was properly parked parallel and adjacent to a curb and there was no testimony on whether the motor was running. Just as a bicyclist was passing about 6 to 12 inches to its left, the cab driver, in the act of getting out, opened the left front door of the taxicab from the inside, directly into the cyclist's path, resulting in the handle bars hitting the door and causing the cyclist to fall to the pavement. The court held, loc. cit. 380: "We construe the 'operating' or 'driving' of a motor vehicle within the meaning of § 304.010, supra, as encompassing all acts necessary to be performed in the movement of a motor vehicle from one place to another or fairly incidental to the ordinary course of its operation, including not only the act of stopping en route for purposes reasonably associated with the transit but also all acts which, in point of time and circumstance, are reasonably connected with entering the vehicle at the point of departure and alighting therefrom at destination."

The reader is referred to the quotations from Stewart v. Jeffries, 224 Mo.App., 1050, 34 S.W.2d 560, 562 [2], and Taylor v. Silver King Oil & Gas Co., Mo.App., 203 S.W.2d 147, 154 [7], as well as the other citations in Karnes v. Ace Cab Co., supra. Cook v. Crowell, 273 Mass. 356, 173 N.E. 587, 588 [3] states: "It is settled law in this commonwealth that a driver continues to operate a car on the highway during the time it is stopped in the ordinary course of its operation for soliciting trade or in calling for and delivering merchandise." See also Union Indemnity Co. v. Storm, 86 Ind.App. 562, 158 N.E. 904; Commonwealth v. Henry, 229 Mass. 19, 118 N.E. 224, L.R.A. 1918B, 827; Hand v. Frazer, 139 Misc. 446, 248 N.Y.S. 557, 560; Hardware Mut. Cas. Co. v. Union Transfer & Storage Co., 205 Ky. 651, 266 S.W. 362 [2]; Lemonds v. Holmes, 241 Mo.App. 463, 236 S.W.2d 56, 58 [3].

A defendant's judgment in plaintiff's case of McLarney v. Cary, Mo.App., 98 S.W.2d 144, 146, was affirmed because plaintiff was guilty of contributory negligence as a matter of law. The dictum therein, loc. cit. 146 [3], that a motor vehicle while parked is not being operated and the operator need

only exercise ordinary care, whether right or wrong, is not controlling here. The cases of Freed v. Mason, Mo.App., 137 S.W.2d 673, 676 [4] and Jones v. Southwest Pump & M. Co., 227 Mo.App. 990, 60 S.W.2d 754, 757 [4], involved other traffic regulations than the one under consideration; and, sufficient for the purposes here, Schorling v. United States Fidelity & Guaranty Co., 239 Mo.App. 431, 188 S.W.2d 369, 370 [3], was an action on an accident insurance policy and the automobile was not on the highway.

The primary purpose of highways and streets is use by the traveling public. The operator of a motor truck used on the highways as a warehouse for the distribution of merchandise, even though properly parked at the curb of a street for servicing customers, is operating a motor vehicle within § 304.010 and required to exercise the highest degree of care in swinging rear doors outwardly to prevent their coming in contact with or obstructing the progress of a vehicle passing in an adjoining lane of traffic.

IV. Plaintiff also says there was no substantial evidence to support defendant's instruction submitting contributory negligence. He claims a finding that he opened the door beyond a position parallel to the side of the truck involves speculation and conjecture and is contrary to the physical facts. We do not agree. We have hereinbefore stated the testimony on plaintiff's failure to look, the testimony of Mr. Lentz, the bus operator, Mrs. Plympton and Mrs. Wegner. Testimony that the door was not pushed forward against the side of the truck was not inconsistent with the testimony that plaintiff swung the truck door open and against the side of the passing bus. Plaintiff's contributory negligence was for the jury.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

STORCKMAN and LEEDY, JJ., concur.

EAGER, P. J., concurs in result.