Helen M. **LINEBERRY**, Plaintiff-Appellant,

v.

Joyce **ROBINETT**, Defendant-Respondent.

No. 25089.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Max W. Foust and Russell D. Jacobson, Morris, Foust, Moudy & Jacobson, Kansas City, for defendant-respondent.

McLaughlin & Vanet, W. Hugh McLaughlin, Randall Vanet, Kansas City, for plaintiff-appellant.

JAMES W. BROADDUS, Special Commissioner.

This is an action for damages for personal injuries as a result of an automobile collision brought by plaintiff, Helen M. Lineberry, against defendant, Joyce Robinett. A jury trial resulted in a verdict in favor of defendant. Plaintiff has appealed.

The accident occurred on December 6, 1965, when plaintiff was operating an automobile north on Blue Ridge Cut-Off in Jackson County, Missouri. Plaintiff testified that she slowed her vehicle and then made a "normal stop" some five to ten feet behind another vehicle to make a left turn; that when she had been stopped five to seven seconds her car was struck from the rear. Defendant testified that as she approached plaintiff's car from the rear it made a "sudden stop" and she applied her brakes and tried to turn to the right. Both plaintiff and defendant testified that the impact was slight. Plaintiff, defendant and a witness for defendant testified that plaintiff made no complaint of injury at the scene; plaintiff said there were no visible marks of injury on her; that she was not "jostled around" in the car and that on the day of the accident she didn't think she was hurt.

Plaintiff's husband testified that the trunk of plaintiff's car was pushed in and the back end was raised about four inches. Defendant's witness Yvonne Robinett recalled a dent in the back of plaintiff's car, and no damage to the trunk lid, as did defendant. Defendant and her witness testified that there was only a slight dent underneath one headlight on defendant's car.

The medical evidence on behalf of plaintiff consisted of hospital records of Baptist Memorial Hospital, which included reports of Drs. Otis James and Robert Forsythe. Dr. Ballfield Atcheson testified for plaintiff. He stated that plaintiff, in his opinion, had sustained injuries as a result of the accident and that he had also referred plaintiff to Drs. James and Forsythe. Drs. James and Forsythe did not testify.

Defendant's medical testimony came from Dr. Joseph Lichtor. Dr. Lichtor testified that he found no evidence of injury and that, in his opinion, plaintiff had normal findings with regard to her complaints, and that he found "no evidence of previous injury and no evidence of any residual disability of this woman (plaintiff) from the accident." He stated that he had reviewed the plaintiff's hospital records and the reports therein of Drs. James and Forsythe. Dr. Lichtor testified that the findings of these two doctors as contained in plaintiff's medical records revealed to him that they contained no objective findings of injury. On cross-examination Dr. Lichtor stated that he could find no evidence of physical disability, and that his X-rays showed no objective signs of injury.

Plaintiff's first contention is that the court "erred in overruling plaintiff's motion for a new trial for the reason that defendant admitted both liability and damages, and the verdict was, therefore against the law and the evidence."

Contrary to the assertions made in plaintiff's brief, defendant contested all the major issues in this case. With respect to the liability, it is true that from the opening statement on it was admitted that a collision occurred between vehicles being operated by plaintiff and defendant, and it was admitted that defendant's car had rear-ended plaintiff. And in the closing argument of defendant's counsel, statements were made which very well could be interpreted to mean that defendant was in fact conceding the issue of liability to plaintiff.

However, throughout the evidence in the case, it was also made clear by defendant that the reason for the collision, under defendant's version, was that plaintiff's vehicle made a sudden stop and that under the circumstances defendant was unable to avoid plaintiff's automobile, although defendant did apply her brakes and did try and turn to the right.

However, the issue of injury to plaintiff and any alleged extent thereof were hotly contested. In fact the evidence which was presented not only by defendant but also by plaintiff herself, was in direct opposition to plaintiff's claim of injury and damage. For example, although the versions of the accident tended to vary, plaintiff on direct and also on cross-examination testified that the impact was slight between the vehicles and that her car didn't move after the impact; that there was no indication to plaintiff that defendant was speeding; that she wasn't thrown in or about her automobile; that she didn't receive any cuts, bruises, abrasions, broken limbs, or visible signs of injury. Plaintiff also testified that she made no complaint of injury at the scene; that she had no visible marks of injury on her and that, in fact, she didn't think she was hurt. Plaintiff's husband testified that plaintiff made no complaint of injury to him on the date of the accident. Defendant's witness Yvonne Robinett testified that the impact was slight; that there was very slight damage to the cars; that there were no complaints of injury at the scene. Defendant testified as to the slight impact. She testified that there were no complaints of injury by plaintiff at the scene. Defendant also testified that plaintiff had made a sudden stop in front of her; that she instantly applied her brakes and that she also turned to her right to try to avoid the collision.

Plaintiff's medical evidence consisted of the testimony of Dr. Atcheson and the introduction and reading of hospital records from Baptist Memorial Hospital. These records included reports by a neurosurgeon (Dr. Forsythe) and an orthopedic surgeon (Dr. James). The doctor testifying for plaintiff, Dr. Atcheson, had called in Drs. James and Forsythe for purposes of examining and treating plaintiff. Plaintiff's counsel examined Dr. Atcheson on the findings of Drs. James and Forsythe, especially with regard to treatment prescribed. On cross-examination of Dr. Atcheson by defendant's counsel, he admitted that Dr. Forsythe's findings were negative. He also admitted that the report of Dr. James recorded no objective findings of injury to plaintiff as a result of the occurrence.

Dr. Lichtor then testified for defendant and stated that he found no evidence of previous injury and no evidence of any residual injury. Dr. Lichtor was asked about the reports of Drs. James and Forsythe (which Dr. Lichtor had examined) and he testified that he found the reports completely negative for objective findings of injury which might have been sustained as a result of the accident.

In view of this evidence it is clear that the burden was upon plaintiff to prove that defendant was negligent and that plaintiff was injured and entitled to recover as a result of the occurrence.

The case of Schaefer v. Accardi, 315 S.W.2d 230, Mo.Sup., involved an action brought to recover damages for personal injuries and property damage alleged to have resulted from a collision in which the defendant driver had crashed into the rear-end of plaintiff's vehicle which had stopped. The court held that the fact that defendant admitted the collision occurred did not of itself constitute an admission that defendant was negligent nor that plaintiff was entitled to recover. The court further held that the fact that defendant may have even presented no reason for a collision still does not relieve plaintiff of the burden as to the essential elements of his cause of action against defendant; that it is still plaintiff's burden to establish by a preponderance of the evidence the essential elements of his cause of action, which are negligence, causation and *injury*.

The situation presented here is almost identical to that in the case of Edens v. Myers, 365 S.W.2d 559, Mo.Sup. The court followed its ruling 'in the *Schaefer* case pointing out that an essential element of plaintiff's cause of action, in addition to the element of negligence, was that of *injury,* and that defendant had "made no judicial admission that plaintiff sustained injuries as a result of the collision. Whether plaintiff was injured as a result of the collision was a hotly contested issue. Plaintiff's proof of injury consisted of oral testimony which the jury was not required to believe."

■ The court in the case of Wise v. Towse, Mo.App., 366 S.W.2d 506, after reviewing many decisions, held that though defendant's negligence was admitted plaintiffs were not entitled to nominal damages in the absence of proof of some injury. We rule the contention against plaintiff.

Secondly, plaintiff claims that defendant made an effort to discredit plaintiff by reference to collateral insurance benefits, and that such was prejudicial.

■ There were two instances when this question arose. The first was when counsel for defendant asked plaintiff whether regarding certain medical bills that "isn't it a fact that all of these bills have been paid but none of them were paid by you and your husband?" Plaintiff answered: "I think we paid most of them." After this answer plaintiff's counsel made an objection. The court stated that it was "not entirely clear which way" the examination was going and said: "Don't go any further with it" and then overruled plaintiff's objection. Of course, the objection to the question after answer came too late. Teters v. Kansas City Public Serv. Co., 300 S.W.2d 511, Mo.Sup.; Durbin v. Cassalo, 321 S.W.2d 23, Mo. App.; State ex rel. State Highway Comm. v. Warner, 361 S.W.2d 159.

The second episode of which plaintiff makes complaint occurred when defend-ant's counsel asked plaintiff: "Now, you have made claim for these various medical bills against someone other than Joyce, right?", at which time counsel for plaintiff objected on the ground that the collateral source rule would prevent any such offer of proof, which objection was sustained by the trial court.

■ The three cases cited by plaintiff are distinguishable from the instant situation. In Kickham v. Carter, Mo., 335 S.W. 2d 83 and Baker v. Fortney, 299 S.W.2d 563, judgments were reversed because the evidence was actually admitted, which is not the case here. In Siemes v. Englehart, Mo.App., 346 S.W.2d 560, the court held it is not error for a trial court to refuse to allow a defendant to prove that plaintiff had been paid sick leave benefits under a collective bargaining agreement. We rule the point against plaintiff.

■ Plaintiff claims error on the part of the trial court in allowing defendant's counsel to comment in closing argument on plaintiff's failure to produce Drs. James and Forsythe as witnesses. It is asserted that such witnesses were equally available to defendant; that their testimony would be merely corroborative of testimony already in evidence or cumulative to such evidence, and that these doctors were not treating doctors.

Similar arguments were advanced in Richardson v. Wendel, Mo.Sup., 401 S.W. 2d 455, 459–460, wherein plaintiff complained about allowing argument by defendants of an unfavorable inference against her because of non-production as witnesses of physicians whom she had seen, which she termed to be "mere consultant physicians." Apparently there no doctor testified for plaintiff, but otherwise the facts are similar. Her hospital records were introduced with entries by an attending physician relative to her injuries and treatment. She had seen a neurosurgeon and another doctor, both of whom maintained offices and were still in

the community at the time of trial. Neither of these gentlemen were called as expert medical witnesses by plaintiff. The court in ruling on the point stated·

"There was no error of the trial court in permitting counsel for respondents to comment upon Miss Richardson's failure to call her treating and examining physicians who were available to her, and who would have knowledge of her claimed injuries superior to her hospital record, and certainly as to what she herself testified to be her injuries. Russell v. St. Louis Public Service Co., Mo., 251 S.W. 2d 595, cited by Miss Richardson is not in point for the reason that the testimony of these two physicians would not have been relatively important. These were examining and treating physicians, employed after the collision, who may have shed light on the subject of Miss Richardson's injuries, whether their testimony would have been corroborative, cumulative or superior to the evidence received. In this circumstance, counsel had the right to call the attention of the jury to the strong presumption raised by the failure to produce these witnesses that their testimony would have been unfavorable and damaging to her." (Citing cases)

Also despite plaintiff's contention that neither James nor Forsythe were treating doctors, the record is clearly to the contrary. In both of their reports, which plaintiff introduced into evidence, the doctors were recorded as making recommendations as to treatment and Dr. James saw plaintiff on several occasions in the hospital. Dr. Atcheson, who appeared for plaintiff, testified that both doctors had advised to continue "treatment of the patient in bed and physiotherapy", and to give injections at the "trigger points." Later, Dr. Atcheson again referred to treatment recommended by Dr. James. Plaintiff herself characterized these physicians as treating doctors.

There is also the claim by plaintiff that their testimony would be merely corroborative or cumulative of other evidence in the case. They were examining and treating physicians who were employed after the collision and certainly could have aided in developing the medical evidence regarding plaintiff's injuries. Furthermore, the import of their findings was anything but cumulative or corroborative of plaintiff's claims. As was demonstrated by the cross-examination of Dr. Atcheson and also the testimony of Dr. Lichtor, the two doctors did not find any objective signs of such injury, so that their findings were actually contradictory of plaintiff's claims of injury arising out of this accident. The contention lacks merit.

Plaintiff next complains of error on the ground that defendant's medical witness, Dr. Lichtor, over objection of plaintiff's counsel, was allowed to testify concerning the conclusions and the manner in which the conclusions were reached in the diagnoses of plaintiff's two "consulting" physicians.

█ The complaint lacks merit because defendant's counsel asked Dr. Lichtor to give an opinion which was based upon the medical and hospital records (specifically including those of Dr. James and Dr. Forsythe), *which had previously been introduced into evidence by the plaintiff*, and Dr. Lichtor was asked in this connection to *assume that the statements contained therein were true* in reaching his opinion. Such a procedure is perfectly proper as pointed out in Hornberger v. St. Louis Public Serv. Co., Mo.Sup., 353 S.W.2d 635, 641, wherein it was held that it was proper for one expert to base his opinion upon the oral or written opinion of another expert if the opinion of such other expert is in evidence and is included as an assumed fact in a hypothetical question.

█ In addition, the fact is that Dr. Lichtor was extensively questioned by defendant's counsel regarding the findings of Dr. Forsythe and Dr. James without any objection by plaintiff's counsel save at a late date in the examination. Under such

**486**

circumstances, plaintiff waived any objections which she may have had to this testimony.

Lastly, plaintiff contends that the trial court erred in allowing counsel for defendant to make improper argument and comments regarding various matters throughout the trial and cites what plaintiff claims are a number of instances from the transcript which are improper. A reading of the portions of the transcript cited along with other portions of the record clearly shows that plaintiff invited the responses of which she now complains.

■ The rule is that counsel is generally given wide latitude in arguing a case to a jury. Brunskill v. Farabi, 181 S.W.2d 549, 557, Mo.App. As stated in the case of Riley v. St. Louis Public Serv. Co., 245 S.W.2d 666, 673, Mo.App., by reason of the "utter impossibility of regulating the course of argument with absolute precision, it has always been recognized that the matter is one to be left largely to the discretion of the trial court, reviewable only for abuse * * *. Generally speaking, however, it may be said to be the policy of the law to indulge a liberal latitude in argument * * *, and specifically so where the argument complained of is a fair retort to the preceding argument of opposing counsel, or is made in answer to some contention in the case."

The transcript discloses no prejudicial error, and your Special Commissioner recommends that the judgment be affirmed.

HOWARD, P. J., and CROSS and SHANGLER, JJ., concur.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.