**John L. RICE, Plaintiff-Appellant,**

v.

**Merle L. SPINDLER, Defendant-Respondent.**

**No. 35038.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 15, 1973.

fact of injury. They therefore could not have effected the result reached by the jury of either no liability or no injury.

■ Plaintiff also complains of defendant cross-examining him concerning his prior medical history and in cross-examining plaintiff's witness about the amount of work plaintiff had missed in the year before the accident. The medical history was relevant for it related to problems of the spine which portion of the body was also involved in the case at trial. That he was complaining of a neck injury at this trial and the history related to back problems does not make it sufficiently remote as to be non-admissible. And plaintiff's prior complaints were sufficiently proximate in time to the accident to be probative. Plaintiff's witness had testified to substantial lost time from work after the accident. Only very generally was this tied into the accident. On cross-examination, that witness testified that plaintiff had missed 632 hours of work in the year before the accident. This could be considered by the jury in evaluating plaintiff's general assertions that the time lost after the accident was all accident caused.

■ Plaintiff's final contention is that the court erred in allowing counsel to read from the Veteran's Administration Hospital records the following: "Preliminary note. The patient is a 51 year old white male alcoholic with a five year history of peptic ulcer disease. He was admitted to this hospital two days ago with a five day history of nausea, vomiting and upper left quadrant pain."

Specifically plaintiff objects to the word "alcoholic."

The hospitalization involved was one shortly after plaintiff's first hospitalization for his neck injuries and before his second hospitalization for his neck. It was stipulated that the hospital records were within the Business Records Act and could be admitted unless otherwise inadmissible. The

Nangle & Nangle, St. Louis, for plaintiff-appellant.

Evans & Dixon, William Wallace Evans, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment entered upon a jury verdict against him in a rear-end accident case.

There was evidence upon which the jury could have found an absence of negligence by the defendant because of plaintiff's sudden stop caused by a right-turning car in front of plaintiff. There was also substantial evidence upon which a jury could have found that plaintiff sustained no injury as a result of the accident.

■ Plaintiff sets up eight allegations of error in the trial of the case. Three relate to closing argument. It is contended counsel improperly argued plaintiff's contributory negligence which defendant did not submit to the jury. We are unable to conclude that the argument referred to in fact was directed to plaintiff's negligence. It appears to deal only with defendant's lack of negligence. Plaintiff's contention that defendant's counsel improperly referred to and waived a repair bill before the jury is also unsupported by the record. Plaintiff also objects to defendant's counsel's argument on the failure of plaintiff to produce testimony from plaintiff's treating physicians. The argument was not improper under the facts here. Lineberry v. Robinett, 446 S.W.2d 481 [4] (Mo.App. 1969).

The remaining allegations of error relate to evidentiary matters. Two, having to do with the amount and source of payments received by plaintiff while off work, relate only to the amount of damages, not the

records were produced in court during plaintiff's case and identified by a witness called by plaintiff.

Plaintiff contends the statement was a conclusion and not relevant. We can accept the statement is a conclusion, but it is a medical conclusion. In Allen v. St. Louis Public Service Company, 365 Mo. 677, 285 S.W.2d 663 [6, 7] (1956), the following were held admissible: physical examination findings, the patient's symptoms and complaints, treatment and progress records, diagnoses by those qualified to make them, the results of analyses and laboratory tests, x-rays, the behavior of the patient, and those parts of the patient's history inherently necessary (or at least helpful) to the observation, diagnosis and treatment of the patient.

The statement was contained in an operation report prepared and signed by the surgeon who performed the operation. It represents a medical opinion and is a part of the patient's history, at least helpful to the diagnosis and treatment of the patient's stomach complaints. It meets the requirements set forth in *Allen, supra.* It is also relevant. Throughout the trial plaintiff contended that a relatively minor impact had resulted in an injury which had caused him to lose substantial time from work. Two myelograms were negative, and defendant's evidence was that no injury had occurred. There was evidence which tended to show substantial lost time before the accident, which absences were not adequately explained.

Alcoholism can affect an employee's work record and the jury could consider that disease in evaluating the proximate cause of plaintiff's absences from work.

We find no prejudicial error in the trial of the case and accordingly, the judgment is affirmed.

SIMEONE, McMILLIAN and KELLY, JJ., concur.