**George ROSS, Appellant,**

v.

**Harrison SYMS, Respondent.**

**No. 40204.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

Samuel A. Goldblatt, St. Louis, for appellant.

Kortenhof & Ely, Ben Ely, Jr., St. Louis, for respondent.

CLEMENS, Judge.

In this humanitarian negligence case the jury found against plaintiff-pedestrian and in favor of defendant-motorist. Plaintiff has appealed from the ensuing judgment, his only contention being that the trial court erred in twice overruling his objections to defendant's closing jury argument.

We relate only the facts relevant to the challenged jury argument. Plaintiff was injured while attempting to walk across north-south, four-lane Goodfellow Avenue, midway between two cross streets; it was dark and during the evening rush hour. Plaintiff successfully crossed the first and second southbound lanes, hesitated at the center line, walked between two cars halted in the third lane, and had taken a step or two into the fourth lane when he was struck by the left-front of defendant's car. Defendant's speed was estimated at from twenty to forty miles an hour; after colliding with plaintiff defendant came to a stop within one or two car lengths.

The issues submitted to the jury were framed by two instructions. By MAI 17.15 plaintiff submitted defendant's humanitarian negligence in failing to slacken his speed or sound a warning. Defendant conversed with MAI 33.06(2) submitting inadequate time to slacken or warn.

In considering plaintiff's contention of reversible error in overruling his objections to defendant's closing arguments, we are guided by two entrenched principles. First, counsel is allowed a wide latitude in arguing inferences from the evidence. The trial court has a broad discretion in initially ruling on the propriety thereof and thereafter in determining whether prejudice has resulted. *Eickmann v. St. Louis Public Service Company*, 323 S.W.2d 802[15–17] (Mo.1959). The rationale of this principle is explained in *Lineberry v. Robinett*, 446 S.W.2d 481[7] (Mo.App.1969), where the court said the principle was necessary because of the "utter impossibility of regulating the course of argument with absolute precision." The court added that a liberal latitude was allowed counsel in jury argument. Second, on appeal we recognize the trial court had a better opportunity than we to appraise the effect the challenged argument had on the jury and is allowed considerable discretion in ruling on objections to jury argument, both at trial and on a motion for new trial. That appraisal by the trial court will be negated on

appeal only if we can say the trial court clearly abused its discretion. *Helfrick v. Taylor,* 440 S.W.2d 940[10] (Mo.1969), and *Eickmann,* supra. We follow these principles in considering the two challenged arguments.

The first argument arose when defendant related the evidence of plaintiff's progress across the first, second and third lanes and then argued defendant had no humanitarian duty to put on his brakes until plaintiff "enters the zone of danger when he enters that Lane No. 4." Plaintiff's objection "that's not the law" was overruled.

■ By this argument defense counsel was contending plaintiff did not come into a position of immediate danger until he entered the fourth lane. The "first and basic fact" of a humanitarian cause is a plaintiff coming into a position of immediate danger. *Crockwell v. Oldani,* 410 S.W.2d 701[1–5] (Mo.App.1967). What constitutes such a position varies with the circumstances of the case. *Yarrington v. Lininger,* 327 S.W.2d 104[8–10] (Mo.1959). Just when a plaintiff comes into that position is a question of fact for the jury. *Price v. Nicholson,* 340 S.W.2d 1[6] (Mo. banc 1960); *Crockwell,* supra.

■ Considering the first challenged argument, we deny plaintiff's contention that defense counsel was usurping the court's prerogative by declaring the law. Instead, he was arguing that the evidence warranted a finding plaintiff did not come into immediate danger until he entered the fourth lane.

As we held in *Larson v. Alton and Southern Railroad Company,* 431 S.W.2d 687[6, 7] (Mo.App.1968): "The argument of counsel was within the confines of the applicable law; it did not inject any false issues or misinform the jury; and was not an attempt to give an instruction on the law different from that given by the court."

We hold the trial court, in exercising its discretion to control jury argument, did not err in overruling plaintiff's first objection.

The second challenged argument arose when defense counsel referred to plaintiff's humanitarian instruction and interpreted it as saying: "Okay, Mr. Plaintiff, you may have been at fault, but we are going to give you one chance to still recover damages against the defendant, but that is only one chance, and it is a small chance." Plaintiff's counsel objected, stating, "that is not one chance or a small chance; that is the law." The court overruled plaintiff's objection.

■■ We consider defense counsel's jury argument in light of the principle that he is allowed wide latitude in arguing how the evidence applies to an instruction. *Eickmann* and *Lineberry,* supra. And, defense counsel had a right to comment on how the evidence applied to plaintiff's humanitarian instruction. *Warriner v. Eblovi,* 485 S.W.2d 700[8] (Mo.App.1972); *Rhomberg v. Israel,* 222 Mo.App. 238, 296 S.W. 860[5] (1927). By the challenged argument defense counsel was stating that plaintiff's only right to recover was by proving each element of his humanitarian submission, and arguing that under the evidence that was a small chance.

■ We view plaintiff's challenge in the light of the principles previously discussed: Counsel is allowed a liberal latitude in arguing how the evidence applies to the instructions; the trial court has a wide discretion in ruling on the propriety of argument; on appeal we uphold trial courts' rulings absent a clear abuse of discretion. So considered, we hold the trial court did not prejudicially err in overruling plaintiff's objection to the quoted argument.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.