FRANK ZIEGELMEIER, JR., v. EAST ST. LOUIS AND SUBURBAN RAILWAY COMPANY, a Corporation, Appellant.—51 S. W. (2d) 1027.

Division Two, July 1, 1932.

1014

*Holland, Rutledge & Lashly, Holland, Lashly & Donnell, Judson, Green, Henry & Remmers* and *Ernest A. Green* for appellant.

*Mark D. Eagleton* and *Allen, Moser & Marsalek* for respondent.

WESTHUES, C.—Plaintiff filed this suit in the Circuit Court of the City of St. Louis, Missouri, to recover damages, resulting from personal injuries, alleged to have been sustained in a collision of an automobile in which plaintiff was riding and a street car, owned and operated by defendant company. Plaintiff received a verdict for thirty-five thousand dollars ($35,000). The trial court reduced this to twenty thousand dollars ($20,000). From this judgment defendant appealed.

From the record we learn that, at a previous trial, the jury failed to return a verdict. The collision in which plaintiff was injured occurred at about three o'clock A. M., March 18, 1924, at the intersection of Eighth Street and Illinois Avenue, East St. Louis, Illinois. Eighth Street runs north and south and is thirty-six feet and six inches wide, from curb line to curb line. Illinois Avenue is forty-seven feet wide and runs east and west. The defendant maintained a double track on Illinois Avenue, for the purpose of operating its street cars. There were boulevard stop signs on each side of Illinois Avenue on equal lines with the property on the east and west sides of Eighth Street. The street car, that figured in this incident, was traveling in a westerly direction, and the car in which plaintiff was riding was traveling in a southerly direction on Eighth Street.

The evidence conclusively reveals that the automobile in which plaintiff was riding ran into and struck defendant's car a few feet back of the door or entrance to the front vestibule, while the car was moving across the intersection of Eighth Street. The front end of the street car, at the time of the collision, was about parallel with the west curb line of Eighth Street.

█ Appellant assigns error, on the part of the trial court, in giving Instruction 1 in which instruction the case was submitted to the jury, under what is known as the humanitarian doctrine. The evidence on part of plaintiff, as testified to by the occupants of the car, who were present at the trial, was that the motorman, operating the street car, could have seen and did see the car in which plaintiff was riding, when the car was at the north building line of Illinois Avenue, and approaching the car tracks at a speed of about ten or twelve miles per hour. The street car, according to plaintiff's contention, was, at this time, about seventy-two feet from the point of collision. Plaintiff and the occupants of the car testified that they saw the street car, at this time, and could have stopped their car within about fifteen feet. Plaintiff introduced evidence, which is sharply contradicted by defendant's evidence, that the street car failed to make the boulevard stop, and was running at about thirty miles per hour in violation of a city ordinance. There is also testimony to the effect that it was a foggy, dark night. There is no dispute about the fact that the lights, on the automobile in which plaintiff was riding, were lighted; that

the street car had a headlight and also that the interior of the street car was lighted.

It is definitely settled in Missouri that in order to make out a case, under the humanitarian rule, a plaintiff must show, as was said in Banks v. Morris & Co., 302 Mo. 1. c. 267, 257 S. W. 482, that:

" '(1) Plaintiff was in a position of peril; (2) defendant had notice thereof (if it was the duty of defendant to have been on the lookout, constructive notice suffices); (3) defendant after receiving such notice had the present ability, with the means at hand, to have averted the impending injury without injury to himself or others; (4) he failed to exercise ordinary care to avert such impending injury; and (5) by reason thereof plaintiff was injured.' Evidence tending to prove these facts makes a prima-facie case for plaintiff."

█ The evidence in this case wholly failed to show that plaintiff was in a position of peril, at any time prior to the collision. In so holding, we take as true the evidence, on behalf of plaintiff, that the automobile, in which plaintiff was riding, was traveling toward the car tracks at a rate of speed not exceeding twelve miles per hour; that when it reached the north property line of Illinois Avenue, thirty-two feet from the north rail of the car tracks, the street car was seventy-two feet from the point of collision and traveling thirty miles per hour; that, at that time, the motorman, operating the street car, saw the car in which plaintiff was riding, and the occupants of the car saw the street car. The automobile, at the rate of speed plaintiff says it was traveling, could have easily made a right-hand turn and traveled in a westerly direction, along Illinois Avenue, parallel with the street car tracks. Illinois Avenue is paved for a width of seventeen feet between the north rail of the track and the curb. A motorman, operating a street car, certainly is not expected to anticipate that a driver of an automobile is going to deliberately drive his car into and collide with the street car, unless there are facts from which a reasonable person may infer such a result. This record does not contain any evidence of such a fact. Judge WHITE in a concurring opinion, Banks v. Morris & Co., supra, at page 273, made the following comments applicable to this situation:

"I think also that the appellant in this case has failed to appreciate the significance of the expression 'imminent peril.' That does not mean remote, uncertain, contingent, nor (for the person affected) avoidable danger. It is imminent, *immediately* impending; it admits of no time for deliberation on the part of the person in peril between its appearance and the impending calamity. A person in full possession of his faculties, standing on a railroad track with a train approaching two hundred yards away and due to arrive in ten seconds would not appear in imminent peril, because in the natural course of

things such person would be expected to step off before he could be injured. The peril would be imminent only when the ordinary and natural effort to be expected in such person would not put him in a place of safety.'' [See also Smith v. Kansas City P. S. Co., 328 Mo. 979, 43 S. W. (2d) l. c. 552 (1-7).]

On the other hand, if we take the evidence of the defendant it does not aid plaintiff to prove a case under the humanitarian rule. The motorman testified that the boulevard stop was made; that he then proceeded across the intersection at a speed of about eight miles per hour. He testified that he saw lights of an automobile at a distance of about one hundred and sixty-five feet north of Eighth Street. A sufficient distance to give the street car the right of way across the intersection. He further testified that he could not tell the rate of speed the automobile was traveling.

Other witnesses testified, for defendant, that the street car made the boulevard stop and proceeded across Eighth Street at about eight miles per hour; that the automobile in question was traveling about forty miles per hour. There was also testimony that the occupants of the automobile had attended a party that night and while there had indulged in drinking intoxicating liquor. No facts are found in the entire record from which the motorman of the street car could or might have inferred that the occupants of the automobile were in a position of peril, as the street car proceeded across Eighth Street In the cases of Ellis v. Met. St. Ry. Co., 234 Mo. 657, 138 S. W. 23, and Lyons v. Met. St. Ry. Co., 253 Mo. 143, 161 S. W. 726, cited by respondent, it will be found that the plaintiff in each case was in a position of peril, and defendant's agents saw, or by the exercise of ordinary care could have seen, the plaintiff in a position of peril in time to have averted the injury. The facts in those cases are so different from those in the present case that they are not authority for respondent's position. The giving of instruction number one, submitting the case to the jury under the humanitarian doctrine, was error and requires a reversal of the case.

■ Appellant contends that the trial court should have given defendant's instruction in the nature of a demurrer to the evidence, at the close of plaintiff's case and at the close of all the evidence. Appellant also assigns error, on the part of the trial court, in refusing to set aside the verdict of the jury, on the ground that it was against the weight of the evidence.

There was some evidence tending to prove that the operator of the street car failed to make the boulevard stop and that in violation of a city ordinance he proceeded across Eighth Street at a rate of speed of about thirty miles per hour. The trial court was, therefore, justified in submitting the case to the jury on the question of whether

defendant's negligence, if any, was the proximate cause of plaintiff's injuries.

Appellate courts defer to the judgment of the trial courts, when a new trial has been denied on the ground that the verdict was against the weight of the evidence. Trial courts are in a much better position to weigh the evidence, having the opportunity to observe the demeanor of the witnesses upon the stand. The evidence, on part of plaintiff in this case, with reference to the rate of speed the automobile in question was traveling, is so contrary to the physical facts, as to render it un- believable. The physical facts are that the impact of the collision was so great that it shattered the glass of a number of the windows of the street car; threw one passenger from his seat and caused the street car to sway to and fro. The automobile itself was completely demolished. The engine was almost forced under the driver's seat. Plaintiff suf- fered a fracture of both upper and lower left jaw. One of the occupants of the car was killed and the others were rendered un- conscious. Such would not have been the result if the automobile had been traveling at a rate of speed of only twelve miles per hour. These physical facts corroborate the testimony of defendant's witnesses that the automobile was traveling about forty miles per hour, or more. On other vital points the weight of the evidence, as disclosed by the rec- ord, was clearly on defendant's side. The winning party in a law suit usually argues before the trial court, on the motion for a new trial, that a question of fact is for the jury and a verdict ought not to be set aside in a case where there is evidence to support it. On appeal, the argument is made that the trial court refused to set aside the verdict as being against the weight of the evidence. Trial courts should, therefore, assume that responsibility and whenever in their judgment the verdict is clearly against the greater weight of the evi- dence grant a new trial on that ground. Since the case must be reversed and remanded it is not necessary to decide whether, upon the record before us, the trial court abused its discretion in refusing to grant a new trial on the ground that the verdict was against the weight of the evidence. These comments are made to emphasize the great responsibility the trial courts are charged with in this regard [Biondi v. Central Coal & Coke Co., 320 Mo. 1130, 9 S. W. (2d) 1. c. 598 (2).]

Appellant contends that the verdict of thirty-five thousand dollars ($35,000), which was reduced to twenty thousand dollars ($20,000), by the trial court, is still grossly excessive. Since the case must be retried, we will not consider this point.

Other contentions made are without merit, or are of such a nature that they will not likely occur upon a retrial.

For the error indicated, the judgment is reversed and the cause remanded. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.