226 S.W.2d 596 (1950)
REGER
v.
NOWOTNY.
No. 41375.
Supreme Court of Missouri, Division No. 2.
February 13, 1950.
*597 Strubinger, Tudor, Tombrink & Wion, St. Louis, for appellant.
Robert A. Roessel, Ruth Boxdorfer, St. Louis, for respondent.
WESTHUES, Commissioner.
Plaintiff appealed from an adverse judgment. In his petition, filed in the Circuit Court of the City of St. Louis, he asked for judgment against the defendant in the sum of $5,000 actual damages and $10,000 punitive damages for personal injuries alleged to have been sustained as a result of an assault committed on him by the defendant Nowotny.
The evidence justifies the following statement of facts: Plaintiff and the defendant were members of a Typographical Union. At a meeting of this union on August 10, 1947, the question of the adoption of a proposal pertaining to a wage scale was presented for discussion. Nowotny, who was a member of the committee which had negotiated on behalf of the union, presented the proposal for adoption. Nowotny occupied the position of assistant foreman in his employer's business. In the discussion on the question of the adoption of the report of the committee, the plaintiff Reger, in speaking against the proposal, made some remarks which Nowotny interpreted as reflecting on his honesty and integrity. In substance the statements made were that such a proposal as the committee offered was that which could be expected with an assistant foreman on the committee. After the meeting Nowotny went to Reger and said to him he did not mind being called stupid or negligent but he did not want to be called a crook. Reger is alleged to have replied that he meant what he said and would repeat it. Thereupon Nowotny said, "* * if you say that again I am going to tear you apart." Reger is alleged to have reaffirmed his previous statements and then Nowotny struck Reger knocking him down. Reger, according to some witnesses, came to his feet and struck Nowotny who retaliated with another blow. Other members of the union then stopped the altercation.
The record reveals considerable conflict in what was or was not said and done but we deem the above statement sufficient for a determination of the points briefed on this appeal.
Plaintiff assigned as error the giving of instruction No. 2 on behalf of the defendant. It is brief so we shall set it out in full. "The Court instructs the jury that the burden is upon the plaintiff to prove by a preponderance or greater weight of the evidence that the defendant attacked plaintiff unlawfully and wrongfully and unless plaintiff has done so, the jury must find for the defendant."
As we view the record, instruction No. 2 was merely the converse of plaintiff's main instruction whereby plaintiff's case was submitted to the jury. It reads as follows (Instruction No. 1.): "The Court instructs the jury that if they find from the evidence that on August 10, 1947, the defendant, in the city of St. Louis, did there wilfully, wrongfully and unlawfully and maliciously strike plaintiff on the face and body as mentioned in the evidence, and that thereby the plaintiff sustained physical injuries mentioned in the evidence, and that assault was without just cause or excuse, then your verdict will be for the plaintiff." On plaintiff's request the court instructed the jury that the burden was on the defendant to prove justification of the assault, if they believed there was an assault. The court instructed the jury further that mere words, however insulting, would not justify an assault. Plaintiff was entitled to such an instruction. O'Shea v. Opp, 341 Mo. 1042, 111 S.W.2d 40, loc.cit. 44. However, plaintiff had the burden of proving that an assault had been made and his damages resulting therefrom. 6 C.J.S., Assault and Battery, § 38b, p. 852; Orblitt v. Bergfeld, Mo. Sup., 191 S.W. 998, loc.cit. 1000 (2). Plaintiff assumed the burden as evidenced by his *598 instructions. The defendant was entitled to a converse instruction. Therefore, no error was committed by the trial court in giving instruction No. 2.
Error was assigned to the giving of an instruction on the credibility of the witnesses. Plaintiff says that this instruction should not have been given because there was no conflict in the testimony on any material fact. To this we cannot agree. Plaintiff was placed on the stand, after the defendant closed his case, for the specific purpose of contradicting evidence of the defendant. To illustrate we shall quote two questions and answers.
"Q. I will ask you whether you stated, as he testified, that Mr. Nowotny was double crossing and selling the members down the river?
"A. I most certainly did not.
"Q. Did you state to him these words or these words, in effect, that you had come to the meeting for the purpose of getting Nowotny for the damn lies he made in rebuttal?
"A. I did not."
The giving of such an instruction is largely within the discretion of the trial court. The instruction was justified in this case. Esstman v. United Rys. Co., Mo.Sup., 232 S.W. 725, loc.cit. 728 (7).
Error was assigned to the refusal of the trial court to give an instruction pertaining to intent, that is, if the jury believed the "defendant assaulted plaintiff in a manner likely to cause great bodily harm, the law presumes that he intended to do him some great bodily harm." As noted above, the court instructed the jury that if the defendant assaulted the plaintiff, then the burden was on the defendant to show justification. The instructions, when considered all together, fully advised the jury as to the respective rights and duties of the plaintiff and the defendant. The questions submitted were simply these: Did the defendant assault the plaintiff? Was plaintiff damaged? As to these questions the plaintiff had the burden of proof. The next question is, was the assault justified? The instruction placed the burden on the defendant to show justification. In such circumstances the trial court did not abuse its discretion in refusing the instruction on the presumption offered by plaintiff. The case of State v. Webb, 266 Mo. 672, 182 S.W. 975, was cited by plaintiff as authority. In that case, a criminal prosecution, this court by a vote of 4 to 3 held that the giving of an instruction as to a presumption was not error. The case does not hold that the court was bound to give such an instruction. See also 64 C.J. 603, Sec. 541.
Plaintiff says that the trial court should have granted a new trial on the ground that the verdict was against the weight of the evidence. He asks this court to say the trial court erred in not doing so. Cases are, indeed, rare wherein an appellate court can or should say that a trial court abused its discretion in not granting a new trial for the reason that the verdict was against the weight of the evidence. We discussed the question in Ziegelmeier v. East St. Louis and Suburban Ry. Co., 330 Mo. 1013, 51 S.W.2d 1027, loc.cit. 1030 (7), and there cited Biondi v. Central Coal and Coke Co., (En Banc.) 320 Mo. 1130, 9 S.W.2d 596, loc.cit. 598 (2).
Error was also assigned because the trial court permitted the defendant to show that charges had been filed against him with the union and that such charges were dismissed. A sufficient answer to that contention is that plaintiff did not make any objection to this evidence when first offered. During the examination of the witness, he did object to certain evidence as being hearsay. This objection was sustained. On the other hand plaintiff proved that the proposal submitted by the defendant and the committee concerning the wage scale was voted down by a vote of 118 to 7. Since no objection was made when the evidence was introduced, the point is not preserved for review.
Plaintiff also contends that the argument of defendant's counsel was highly inflammatory. We have read the argument as preserved in the record and do not find where the plaintiff made any objection. There is nothing here for review.
*599 We do not find any prejudicial error in the record and, therefore, the judgment must be and is hereby affirmed.
BOHLING and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by WESTHUES, C. is adopted as the opinion of the court.
All concur.