Aloysius F. HOLMES, Appellant,

v.

Leonard A. SIMON, Respondent.

No. 44823.

Supreme Court of Missouri.

Division No. 2.

March 12, 1956.

William L. Clinton, Clinton, Indelicato & Overhoff, St. Louis, for appellant.

Lloyd E. Boas, St. Louis, for respondent.

STOCKARD, Commissioner.

In this damage suit for personal injuries plaintiff has appealed from a judgment for defendant after verdict by a jury.

The first specification of error (point 1) set forth in the points relied on in appellant's brief is that the trial court erred in giving instruction 3 at the request of the defendant. The record discloses, and appellant admits in his reply brief, that no objection, general or specific, was made at any time to this instruction.

Supreme Court Rule 3.21, 42 V.A.M.S., provides that "Objections to instructions shall be made before the case is finally submitted to the jury, and shall be made in the manner provided in Section 122." This section, now Section 510.210 RSMo 1949, V.A.M.S.; provides that "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor except it shall not be necessary to state grounds for objections for instructions; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." The record does not in any way indicate that appellant's counsel did not have ample opportunity to examine the instructions before they were given by the trial court and to make objections thereto. See Section 510.300 RSMo 1949, V.A.M.S.

The applicable statutes and Supreme Court Rules make necessary an objection to the giving of an instruction if it is to be questioned on appeal, although it is not necessary to state the grounds of the objection. Holdman v. Thompson, 358 Mo. 577, 216 S.W.2d 72 [3]; Bowers v. Etherton, Mo.Sup., 216 S.W.2d 83 [5]. We therefore hold that appellant is in no position to ask this court to declare instruction 3 to be prejudicially erroneous when no objection was made to it at any time during the trial. Holdman v. Thompson, supra [4]; Lonnecker v. Borris, Mo.Sup., 245 S.W.2d 53 [8]. Although appellant suggests that this court invoke Supreme Court Rule 3.27, 42 V.A.M.S., and review the instruction, the circumstances in this case do not present a proper situation for the application of that rule.

■ Points 2, 3 and 4, constituting the remaining specifications of error in appellant's brief, in their entirety, are as follows: "Reaction time and stopping distances of vehicles, "Intervening cause" and "Jury cannot set up own standards." The brief discloses that these purported specifications actually pertain to the argument made in support of appellant's contention that instruction 3 was erroneous. But even if their purpose was to present separate specifications of error they do not comply with Supreme Court Rule 1.08(a), 42 V.A.M.S., and would present nothing for review for the reason that they do not show what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous. Haley v. Edwards, Mo.Sup., 276 S.W.2d 153 [15]; Berghorn v. Reorganized School Dist. No. 8, Franklin County, Mo.Sup., 260 S.W.2d 573 [4].

■ Respondent filed a motion to dismiss the appeal for the reason that appellant's brief did not comply with Supreme Court Rule 1.08(a), 42 V.A.M.S. This motion is well taken as to points 2, 3 and 4. The basis for the motion as to point 1 is that no objection was made during the trial to the giving of instruction 3. This is true, but the failure to make an objection to the giving of an instruction does not constitute a violation of Rule 1.08(a). Therefore, the motion to dismiss the appeal is overruled.

For the reasons above set forth, the judgment must be and is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.