Arthur SCHAEFER, Appellant,

v.

Mike ACCARDI, Respondent.

No. 46454.

Supreme Court of Missouri,

Division No. 2.

July 14, 1958.

Librach, Heller & Byrne, William P. Byrne, St. Louis, for appellant.

Lester F. Stephens, St. Louis, for respondent.

STOCKARD, Commissioner.

Appellant Arthur Schaefer, plaintiff below, has appealed from a judgment for defendant, entered pursuant to a jury verdict, in his suit for $22,500 damages resulting from an automobile collision. We shall refer to the parties as denominated in the trial court.

Plaintiff's version of the accident was as follows: On April 16, 1956, at about 11:45 o'clock in the morning he was operating

his automobile eastwardly on Lindell Boulevard in the City of St. Louis. One hundred feet east of Sarah Street he stopped behind a car which was waiting to make a left turn into a driveway on the north side of the street, and while so stopped his automobile was struck from behind by defendant's automobile. He had been stopped "about a minute or a minute and a half" when he glanced in his rear view mirror and saw defendant's automobile crossing Sarah Street and approaching at about thirty miles an hour. He watched defendant in his mirror as long as he could, but did not see him swerve and did not hear "the sound of brakes being applied." Defendant's automobile did not diminish its speed and at the time of the collision it was traveling thirty-five miles an hour. As a result of the collision the "track" on the seat of plaintiff's automobile was broken, and the automobile was pushed forward about ten feet. Plaintiff immediately got out of his automobile and made a "casual inspection" of his automobile. The bumper had been pushed in, the flash pan under the deck of the trunk was mashed in, and the left fender was buckled. He "glanced" at defendant's automobile and saw that the bumper and grille were damaged. He had no conversation with defendant other than to ask him what happened, and "he said he was skidding."

Defendant's version of the accident was as follows: As he was driving eastward on Lindell at about twenty-five miles an hour he was following plaintiff's automobile with about forty feet separating them. He saw plaintiff stop behind a car waiting to make a left turn, and he applied his brakes and "checked" the speed of his automobile. It had been raining, the streets were wet and the temperature was below freezing. Defendant's automobile "slowed down but slipped" and "touched Mr. Schaefer's car," and at the time of the impact it was going about "one or two miles an hour," and was just "barely moving." There was very little damage to either automobile.

Although defendant presented no evidence concerning the injuries sustained by plaintiff, one of the most hotly contested issues in the trial was whether plaintiff sustained any injuries as the result of the accident, and if so, to what extent. Plaintiff's evidence pertaining to his injuries unquestionably was sufficient to make this a jury issue. However, in view of our subsequent discussion, we note now that the jury was not obligated to believe plaintiff's evidence. Biscoe v. Kowalski, Mo.Sup., 290 S.W.2d 133, 136.

Plaintiff first contends that the trial court erred in overruling his motion for a directed verdict at the close of all the evidence for the reason that defendant "admitted plaintiff's cause of action in the trial and defendant failed to sustain the burden of proof of his affirmative defense of contributory negligence." Plaintiff argues that defendant "admitted plaintiff's cause of action" because he "admitted the fact of the collision" and he "showed by his evidence that he was negligent in failing to have his automobile under control and gave no reason why he ran into the back end of automobile of the plaintiff but also admitted in his pleadings and throughout the course of the trial that plaintiff might have sustained some injuries."

The fact that defendant admitted that a collision occurred does not of itself constitute an admission that he was negligent or that plaintiff was entitled to recover. Miller v. Wilson, Mo.App., 288 S.W. 997 [4]; McKinney v. Robbins, Mo. App., 273 S.W.2d 513 [7]. In addition, the fact that defendant may have presented no reason for the collision did not relieve plaintiff of his burden of proof as to the essential elements of his cause of action. However, defendant did give a reason for the collision; that his automobile slid because of the wet street and freezing temperature. Of course, the jury might have found that this reason constituted no justification, but the mere proof or admission

that an automobile skidded or slid into collision with another does not necessarily establish negligence, Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59 [2], because, as stated in Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872, 876, skidding or sliding of an automobile "may and as a matter of experience does occur without fault."

■ We are of the opinion that whether or not defendant was negligent under the circumstances disclosed by the evidence was a jury issue. But, assuming that defendant's act of colliding with plaintiff's automobile was negligence as a matter of law, as plaintiff contends, the trial court still properly refused plaintiff's request for an instruction directing a verdict for plaintiff at the conclusion of all the evidence. Plaintiff's statement that defendant admitted in his pleadings that plaintiff was injured is not correct. Defendant admitted only the allegations in plaintiff's petition that Lindell Boulevard was an open and public street in the City of St. Louis running in an east-west direction, and that on April 16, 1956 he was operating his automobile thereon in an easterly direction. He specifically denied all other allegations, including those pertaining to plaintiff's injuries. Plaintiff's statement that defendant admitted "throughout the course of the trial" that plaintiff sustained injuries from the collision is equally without factual basis. The record discloses no such admission. Plaintiff did not request the direction of a verdict in his favor on the theory that he was entitled to only nominal damages, but on the theory that he was entitled to recover substantial damages for an alleged actual physical injury. The verdict-directing instruction, if it had been given, would have erroneously required the jury to render a verdict for plaintiff even though the jury believed plaintiff had suffered no injury as the result of the collision.

■ "Actionable negligence involves, (1) the existence of a duty on the part of the defendant to protect plaintiff from an injury; (2) the failure of the defendant to perform the duty; and (3) *the injury to the plaintiff from such failure.* When these elements concur, they constitute actionable negligence. McGuire v. Chicago & A. R. Co., [Mo.Sup., 178 S.W. 79, L.R.A. 1915F, 888]. See also Wolfmeyer v. Otis Elevator Co., Mo.Sup., 262 S.W.2d 18. Otherwise expressed, the essential factual elements of a claim for personal injury due to negligence are—negligence (the failure of defendant to perform a duty to protect plaintiff from harm), causation, and injury. Eickmann v. St. Louis Public Service Co., [363 Mo. 651, 253 S.W.2d 122]; Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972." Biscoe v. Kowalski, Mo.Sup., 290 S.W.2d 133, 138. In this case plaintiff's proof of injury consisted of oral testimony which the jury was not required to believe, and notwithstanding plaintiff's contention to the contrary, defendant made no judicial admission that plaintiff sustained injuries as the result of the collision. Therefore, even though it could be said that defendant's conduct in colliding with plaintiff's automobile constituted negligence as a matter of law, and we are of the opinion that it did not, the trial court correctly refused to direct a verdict for plaintiff. "Ordinarily it is the function of the jury to pass upon all oral evidence, and in doing so it may find against a party on his uncontradicted and unimpeached evidence. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558. And, indeed, it is at least very seldom that a trial court is justified in directing a verdict in favor of a party having the burden of proof when the case depends upon oral testimony." Beezley v. Spiva, Mo.Sup., 313 S.W.2d 691, 695. Defendant did not make a judicial admission of the existence of a set of facts which established as a matter of law his liability to plaintiff. It was therefore immaterial that defendant failed to sustain the burden of proof of his affirmative defense of contributory negligence, which, incidentally, though pleaded was not submitted to the jury. The trial court correctly denied plaintiff's request for a directed verdict.

Plaintiff next contends that the trial court erred in giving instruction 5 which was as follows: "The Court instructs the jury that if you find and believe from the credible evidence that the plaintiff was not injured on the occasion in question the plaintiff cannot recover herein and your verdict must be for the defendant." Plaintiff contends that this instruction was not supported by the evidence, that it is a comment on the evidence, and that it instructs the jury to disregard whether or not plaintiff had suffered an aggravation of a pre-existing condition. Defendant's position is that instruction 5 was the converse of an essential element of plaintiff's verdict-directing instruction, that is, that plaintiff was injured.

As previously stated, plaintiff had the burden of proving by the preponderance or greater weight of the credible evidence the essential elements of his case which included negligence, causation, and injury. Whealen v. St. Louis Soft Ball Ass'n, Inc., 356 Mo. 622, 202 S.W.2d 891 [7]; Wolfmeyer v. Otis Elevator Co., supra [1]; Biscoe v. Kowalski, Mo.Sup., supra [5]; Hiltner v. Kansas City, Mo. Sup., 293 S.W.2d 422 [7]. The defendant can submit what is known as a converse instruction, and in doing so can "submit either the exact converse of plaintiff's verdict-directing instruction, Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743, or the exact converse of any essential element of such instruction. Reger v. Nowotny, Mo.Sup., 226 S.W.2d 596; McCarty v. Milgram Food Stores, Inc., Mo.Sup., 252 S.W.2d 343; Oshins v. St. Louis Public Service Co., Mo.Sup., 254 S.W.2d 630. When either is done the result is what is referred to as a 'true converse instruction,' and such an instruction does not require affirmative testimony in support of it. Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W. 2d 461, 464." Liebow v. Jones Store Company, Mo.Sup., 303 S.W.2d 660, 662 [5]. Here, by his verdict-directing instruction plaintiff submitted the fact of injury to him as an essential element of his right of recovery. The defendant was entitled to submit the negative of that essential element, or that if the jury found that plaintiff was not injured the verdict should be for him. The contention that instruction 5 was erroneous because it was not supported by evidence is without merit.

Plaintiff asserts that instruction 5 was a comment on the evidence "in that it required the jury to find that plaintiff did not sustain any injury," but, as stated in his brief, plaintiff "concedes that had the instruction been worded to advise the jury if they believe from *the* evidence that plaintiff was not injured then this instruction would be proper." We experience some difficulty in following this argument, and plaintiff has cited no cases in support of his contention. We do not see how the instruction could constitute an objectionable comment on the evidence for the reason asserted. We agree that the use of the word "credible" in instruction 5 was not necessary, but when defendant so restricted his instruction by inserting this word, plaintiff certainly was not prejudiced thereby.

There is also no merit to plaintiff's contention that instruction 5 improperly "directs the jury's attention only to the fact of injury to the plaintiff and removes from their consideration the question as to whether or not plaintiff had sustained an aggravation of a pre-existing arthritic condition of his spine." Again, no cases are cited. It is true that the instruction submits only the issue of whether plaintiff sustained any injury, but the fact of injury was an essential element of plaintiff's case, and as previously stated, defendant was entitled to submit the negative of any such essential element. He did not have to submit the negative of every essential element. At plaintiff's request the court gave his verdict-directing instruction in which the jury was told that plaintiff was entitled to recover if the jury found, among other things, that he was "injured." Nothing was said about an aggravation of a pre-

existing condition, which is, of course, an injury. Plaintiff cannot now complain because defendant referred in instruction 5 to plaintiff's alleged injuries by use of the precise term used by him in his verdict-directing instruction.

Plaintiff next contends that the trial court erred in giving an instruction on the credibility of the witnesses in the form generally referred to as a "falsus in uno" instruction. The objection is that there was no evidence to justify it and it singled out the testimony of the plaintiff and instructed the jury to disregard it.

There is no merit to the contention that this instruction singled out the testimony of plaintiff; it referred to the testimony of "any witness' which included defendant as well as plaintiff. Also, the instruction did not direct but only authorized the jury to reject the testimony of a witness who it believed to have sworn falsely to facts relating to a material issue. See Duffy v. Rohan, Mo.Sup., 259 S.W.2d 839. The instruction did not use the word "disregard," as plaintiff implies and which was criticized in the Duffy case.

■■■ We agree in general with the quotation from Farmers' State Bank v. Miller, Mo.App., 26 S.W.2d 863, 865, set forth in plaintiff's brief as follows: "The rule in this state is that this sort of an instruction [falsus in uno] should not be given unless there is some basis for it, and even where there is such, the giving or refusal of the instruction is largely a matter of discretion of the trial court. * * * There is no basis for such an instruction 'unless it is quite evident that material contradictory testimony has been given' * * * or there is something in the case indicating a wilful effort to misrepresent or suppress a material fact." See also Marden v. Rodford, 229 Mo.App. 789, 84 S.W.2d 947, 961; Oliver v. City of Vandalia, Mo.App., 28 S.W.2d 1044, 1046. Plaintiff contends that the only possible basis for giving the instruction in this case was that he made a mistake as to the number of visits he made to a doctor. Apparently he is of the opinion that before this type of an instruction may be given at the request of the defendant there must be a substantial conflict in the testimony of plaintiff. This is not so; material contradictory testimony by different witnesses will authorize the giving of the instruction. For example, see Duffy v. Rohan, supra. It is perfectly obvious that there was a material conflict between the testimony of plaintiff and of defendant as to the cause of the accident. We need not restate the conflicting versions. Obviously, some one was wrong. There unquestionably was a factual basis in the testimony for the instruction, and where such basis exists it is discretionary with the trial court to give or refuse to give it. Duffy v. Rohan, supra. There is no basis for ruling the trial court abused its discretion.

■■■ The last point of plaintiff, quoted in its entirety, is "The argument of Defendant was highly prejudicial and inflammatory." This point preserves nothing for review, Supreme Court Rule 1.08(a), 42 V.A.M.S., because it does not show what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous. Holmes v. Simon, Mo.Sup., 287 S.W.2d 877 [4]. However, with the idea in mind that there may be situations in respect to oral argument where this court, in its discretion, may consider plain error affecting substantial rights even though not properly preserved for review, Supreme Court Rule 3.27, 42 V.A.M.S., we have examined the argument portion of plaintiff's brief in respect to this point, and we have also read carefully the entire argument of both counsel. In the argument portion of plaintiff's brief we find only the contention that "counsel for defendant in his final argument devoted a great portion of it to condemning and castigating plaintiff as being unworthy of belief." The argument believed to be improper is not otherwise identified and there is no attempt to show wherein and why the ruling of the trial court in respect

thereto was improper. Our study of the oral arguments not only reveals that there is no justification for invoking Supreme Court Rule 3.27, 42 V.A.M.S., but also that the argument was not prejudicially erroneous even if the issue had been properly presented for appellate review.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.