Helen MERRITT (Plaintiff) Respondent,

v.

Talley Earl WILKERSON (Defendant) Appellant.

No. 31102.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

E. L. McClintock, Jr., and McClintock & Medley, Flat River, for appellant.

J. Richard Roberts and Roberts & Roberts, Farmington, for respondent.

JAMES D. CLEMENS, Special Judge.

Plaintiff recovered for injuries arising from a rear-end automobile collision. Defendant appeals, charging errors in plaintiff's failure to negate contributory negligence in her verdict-directing instruction, prejudicial argument by plaintiff as to damages, and excessiveness of the $5,800 verdict.

The material facts are not in dispute. The defendant was called as a witness by the plaintiff, but otherwise offered no evidence. Plaintiff was a passenger in a Ford station wagon, riding behind its driver, 17-year-old David O'Dell. It was going north on Highway 67 in St. Francois County at 50–60 miles per hour, followed by the defendant driving a DeSoto automobile. The defendant began to overtake the station wagon and in doing so the right front of his DeSoto struck the left rear of the station wagon, which went off the highway to the right, across the shoulder and into a ditch. The highway was straight and had two lanes of paved concrete. There were unpaved shoulders wide enough for a parked car, plus space enough to alight from the right side. Other facts will be related in discussing defendant's claims of error. The first concerns the failure of plaintiff's verdict-directing instruction to negate her alleged contributory negligence.

By his answer, the defendant pleaded that the plaintiff's injuries "were directly contributed to by the negligence of plaintiff in failing to exercise ordinary care for her own safety." She did not challenge the generality of this defense, so the door was left ajar for defendant to submit that issue on any evidence which constituted contributory negligence. Martin v. Turner, Mo., 306 S.W.2d 473(2, 3); Holtz v. Daniel Hamm Drayage Co., 357 Mo. 538, 209 S.W. 2d 883(1). The defendant submitted the issue by his Instruction No. 4:

"The Court instructs the jury that the plaintiff was under a duty to exercise ordinary care for her own safety and if you find and believe from the evidence that plaintiff immediately prior to the collision in question shouted an instruction or command to the driver of the automobile in which she was riding to 'Get out of his way' or words to that effect, and if you further find that the driver followed, or attempted to follow, said instruction or command and went off the highway on the right and down an embankment, and if you further find that plaintiff by shouting an instruction or command to the driver, if you so find, failed to exercise ordinary care for her own safety, then you are instructed that plaintiff was negligent, and if you further find that such negligence on the part of plaintiff, if you so find, contributed to cause her injuries, if any, then you are instructed that plaintiff is not entitled to recover on her cause of action and your verdict should be for defendant."

The plaintiff frankly admits that her verdict-directing instruction did not negate this submitted issue of contributory negligence. Defendant claims this is reversible error, pointing to Moore v. Ready Mixed Concrete Co., Mo., 329 S.W.2d 14, 23. The plaintiff counters by claiming that the evidence did not warrant the submission of contributory negligence. This calls for a

recitation of the evidence on that issue considered favorably to the defendant.

Both plaintiff and driver O'Dell had noticed the defendant following and closing in on their station wagon, and commented on it. Mrs. O'Dell, the driver's mother, was a passenger. She quoted plaintiff as then saying to the driver in a raised voice: "He's going to hit you." Plaintiff herself testified as to the comments on defendant's approach, and also said that when the defendant was within about thirty feet of the station wagon she was frightened and excitedly shouted to the driver O'Dell to "get out of the road, that he was going to hit us." O'Dell immediately pulled to the right onto the shoulder, and when the station wagon was partly onto the shoulder, the impact occurred. It was not severe—"just a boost," but the station wagon went on into the ditch. The defendant testified that the station wagon reduced its speed when he was about three car lengths behind it and was beginning to make his pass. The driver O'Dell had entered into military service and was not a witness. Do these facts constitute contributory negligence?

■■ The elements of actionable negligence are a duty, failure to do it, and *resultant* injury. See 65 C.J.S. Negligence § 2; Schaefer v. Accardi, Mo., 315 S.W.2d 230 (6); Eddy v. Missouri Public Service Co., Mo.App., 309 S.W.2d 4(2–7). To warrant submission of defendant's defense of the plaintiff's contributory negligence, it was therefore necessary that the evidence show (a) that plaintiff was negligent in so telling the driver to leave the highway, (b) that he did so because of her instruction, and (c) that his act of leaving the paved portion of the highway was a cause of her injuries. We are not prepared to say, and do not decide, whether plaintiff was negligent in shouting an excited order to the driver. Suffice it to say that there was no showing that plaintiff's words were responsible for O'Dell taking the evasive action, nor that such action was a cause of plaintiff's injuries. O'Dell also was aware

of the imminence of the collision. To turn from the path of danger was a natural thing to do, and he might well have tried to turn away from the danger without the plaintiff's telling him to do so. And the collision would just as well have occurred even if O'Dell had not tried to escape, although the results might well have been different. Thus, the jury could not have found either of the two elements of causation without entering the "nebulous twilight of speculation, conjecture and surmise." [Hildreth v. Key, Mo.App., 341 S.W.2d 601(8).] The rule against submission of such an issue is tersely stated in Craddock v. Greenberg Mercantile Inc., Mo., 297 S.W.2d 541(12), loc. cit. 548: " * * * If the cause of an injury is left to speculation and conjecture, when sound reasoning does not point to the liability of the defendants to the exclusion of other causes, there may be no recovery." Accordingly, we find that it was error to submit the issue of plaintiff's alleged contributory negligence.

■■ It follows that defendant was not harmed by the absence of reference to contributory negligence in plaintiff's verdict-directing instruction. The conflict was between plaintiff's good instruction and defendant's erroneously given instruction. An erring defendant cannot complain of such a conflict, for he has invited it. Jones v. Hughey, Mo., 283 S.W.2d 550(12); Hayes v. Wabash R. Co., 360 Mo. 1223, 233 S.W.2d 12(4).

■ We pass now to defendant's claim of error in permitting plaintiff to invoke the golden rule in arguing the issue of damages. It is generally held to be improper argument to ask a juror to place himself in the shoes of a party and to render such a verdict or such damages as he would want rendered if he was so situated. 88 C.J.S. Trial §§ 169(n. 51) and 192(n. 78).

And see 53 Am.Jur., Sec. 496:

"While sympathy for suffering and indignation at wrong are worthy sentiments, they are not safe visitors to the

courtroom. They may not enter the jury box, nor be heard on the witness stand, nor speak too loudly through the voice of counsel. It is, therefore, improper for counsel to appeal to the sympathy of the jury, either directly or indirectly, as for example, by asking the jury, in a personal injury action, to put themselves in the plaintiff's place, if they would go through life in the condition of the injured plaintiff, or would want members of their family to go through life crippled * * *"

Webster defines the golden rule as: "The rule of doing to others as we would have them do to us," and cites the biblical references found in the books of Matthew 7:12 and Luke 4:31. So when a plaintiff urges a juror to follow the golden rule he is asking the juror to trade places and to decide the case as if he were the plaintiff instead of a juror. We look now to the setting of this part of the trial.

The evidence was that when the collision occurred the plaintiff was two months pregnant. She received a blow on her abdomen. She suffered a miscarriage as she was being taken from the ambulance into the hospital. Surgery followed. Since, she has been nervous, irritable and fearful she cannot give birth to another child. In argument of the issue of her damages plaintiff's counsel referred in colorful language to plaintiff's loss of her unborn child, her pain, her apprehension over ability to bear another child; and continuing the following occurred:

"By Mr. Roberts, continuing:

"* * * I don't know, ladies and gentlemen, but I say to you in all honesty and all sincerity and all fairness that I know you're going to follow all of the instructions and you're going to search your heart and your soul and you're going to give this woman a verdict, something what will compensate her for what she went through. Make it a substantial verdict. Follow the old rule, the golden rule—

"By Mr. McClintock: Now, if your Honor please—

"By Mr. Roberts: —and take care of this—

"By Mr. McClintock: I object to that argument; that's improper argument. Do unto others as—'Follow the golden rule.'

"By Mr. Roberts: I didn't say that.

"By Mr. McClintock: Well, that's the golden rule. That's improper argument. I ask the Jury be instructed to disregard that; that it's not proper to follow the golden rule.

"By the Court: Overruled. Proceed.

"By Mr. McClintock: And I—

"By Mr. Roberts: All I want to say, ladies—

"By Mr. McClintock: Just a minute. Did Your Honor overrule the motion?

"By the Court: Yes.

"By Mr. Roberts: All I want to say to you ladies and gentlemen, bring in a verdict and compensate this poor little girl, this woman, for what she has suffered and is now suffering and will continue to suffer. Thank you.

"Immediately following the above argument, objections, and rulings, the defendant moved for a mistrial outside the presence of the jury, which motion was denied."

It will be seen by this argument that plaintiff appealed to the sympathy of the jurors, then asked the jury to follow the golden rule "and take care of this * * *," and after defendant's objection had been overruled, continued to plead to the jury to compensate "this poor little girl." So we cannot now accept plaintiff's explanation that had he not been interrupted by defendant's objection "(i)t is possible that plaintiff's counsel was going to urge the jury to apply the golden rule to both plaintiff and defendant." He did not do so.

Twice recently this point has been before our Supreme Court. In Warning v. Thompson, Mo., 249 S.W.2d 335, loc. cit. 343, 30 A.L.R.2d 1176, that court said:

"* * * In his jury argument, plaintiff's counsel was discussing the amount of damages. He said: 'Then, look down into the future and do your very, very best as you would have others do unto you under similar circumstances.' Defendant's counsel moved that the jury be discharged. The court overruled the motion but directed the jury to disregard the statement.

"We shall assume without deciding that the question asked by plaintiff's counsel and his argument (invoking the Golden Rule) were improper. However, as the trial court directed the jury to disregard such question and such argument, it did not abuse its discretion in refusing to declare a mistrial. 'Such matters rest largely within the discretion of the trial court.' McGinley v. St. Louis Public Service Co., Mo.Sup., 239 S.W.2d 321, 324 * * *."

In will be noted that in the quoted case and also in the case cited therein the trial court directed the jury to disregard the objectionable argument. The Supreme Court held only that the trial court did not abuse its discretion in denying the further relief of a mistrial. Here, the trial court both overruled the objection and denied a mistrial.

In the trial of the case of Faught v. Washam, Mo., 329 S.W.2d 588(26), loc. cit. 602, plaintiff's counsel urged a verdict based on $3.00 a day for the time of plaintiff's life expectancy, and argued "* * * you only get paid $3.00 a day. Here is your job—your job is to suffer Mr. Faught's disability." The trial court overruled defendant's objection to the argument. The Supreme Court said (329 S.W.2d loc. cit. 602):

"* * * The quoted 'job offer' was a tandem plea (a) that the jurors put themselves in plaintiff's place and (b) that they employ a so-called mathematical formula in assessing his damages for pain and suffering. Standing alone, an appeal to jurors to put themselves in plaintiff's place does not always constitute reversible error, particularly where the trial court has taken effective action with respect thereto or where there is no complaint on appeal that the verdict was excessive [Sparks v. Auslander, 353 Mo. 177, 186, 182 S.W.2d 167, 172–173(10)], but this character of plea is consistently condemned and uniformly branded as improper, the rationale of rejection being that a juror 'doing that would be no fairer judge of the case than would plaintiff' himself [F. W. Woolworth Co. v. Wilson, 5 Cir., 74 F.2d 439, 442, 98 A.L.R. 681] and that such 'argument, in effect, affirms as a correct principle that a man may properly sit in judgment on his own case—an idea abhorrent to all who love justice' and not 'given a cloak of respectability by associating it with the Golden Rule' because that Rule 'applies in favor of the defendant as well as the plaintiff.' Red Top Cab Co. v. Capps, Tex.Civ.App., 270 S.W.2d 273, 275."

In reversing plaintiff's judgment because of the cumulative prejudicial effect of certain photographs and the cited argument, the court added:

"* * * In our considered judgment, the 'job offer' argument of counsel for instant plaintiff was mischievously unfair not only because it appealed to the jurors to put themselves in plaintiff's place but also because it invited them to admeasure damages on a mathematical formula." (329 S.W. 2d loc. cit. 604)

We have considered the golden rule argument here in the light of the Warning and Faught cases. We have also considered the nature of plaintiff's injuries and the sympathy which they would naturally call forth.

Under these circumstances, we hold that the argument was improper and prejudicial. The trial court should not have overruled the defendant's objection thereto. By doing so the trial court approved the argument and thereby abused its discretion. We believe the error was one "materially affecting the merits of the action." [V.A.M.R. 83.13 (b) ], and was therefore reversible.

Because of the necessity of a new trial we will not deal with defendant's further contention of the excessiveness of the verdict.

Accordingly, the judgment should be reversed and the cause remanded for a new trial. It is so ordered.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.