Rose YOUNG, Appellant,

v.

Esther GROTSKY, Defendant,

and

Bi-State Development Agency, Respondent,

and

Robert Ginther, Respondent.

No. 54505.

Supreme Court of Missouri,
Division No. 2.

Nov. 9, 1970.

Samuel A. Goldblatt, St. Louis, for appellant.

Richard M. Zuckerman, St. Louis, for respondents.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment for defendants entered pursuant to jury verdict in her action for damages in the amount of $40,000 for personal injuries.

Plaintiff's points on this appeal pertain only to two instructions given at the request of defendants Bi-State Development Agency and Robert Ginther. This results in no issue being presented as to the judgment in favor of defendant Esther Grotsky. Only a brief summary of the evidence is required.

At about 10:40 o'clock of the evening of February 25, 1967, plaintiff alighted from a bus of Bi-State Development Agency being operated by Robert Ginther. Plaintiff testified that Mr. Ginther "motioned" her to cross in front of the bus, and that when she was at the center of the bus he "raced the motor." This caused her to move quickly into the street, and when she was at or near

the center of the street she was struck and injured by an automobile operated by Esther Grotsky.

Plaintiff's case against Esther Grotsky was submitted on humanitarian negligence. Her case was submitted against defendants Bi-State Development Agency and Robert Ginther by Instruction 4 on primary negligence in that "Robert Ginther motioned plaintiff to cross in front of the bus when it was unsafe to do so and then raced motor causing plaintiff to move hurriedly out into street." The instruction then submitted in separate paragraphs that "defendants were thereby negligent" and that "such negligence directly caused or directly contributed to cause damage to plaintiff."

Plaintiff contends that prejudicial error resulted in the giving of the following converse instruction:

"Instruction No. 5
"Your finding must be for defendants Bi-State Development Agency and Robert Ginther under Instruction 4 if you do not believe:
    that said defendants were negligent
    or
    that plaintiff sustained damage."

■ Plaintiff contends that Instruction 5 is erroneous because (1) it "in effect permits the giving of two converse instructions when only one is authorized," and (2) it is "not a true converse" instruction and therefore must be supported by evidence, but there was no evidence that plaintiff was not injured.

Instruction 5 followed the "First Method" set forth in MAI 29.01 for giving a converse instruction with the modification required when plaintiff submits on both primary and humanitarian negligence, as was done in this case. The "First Method," as modified, provides that the converse instruction should begin with the phrase " 'Your [finding] must be for [defendants] if you do not believe' followed by *one* or *more* propositions submitted by the verdict directing instruction and in substan-

tially the same language used in the verdict directing instruction." (Italics added.) In MAI 29.02 the forms of converse instructions under the "First Method" include 29.-02(2) conversing negligence and 29.02(3) conversing damages. Instruction 5 followed these forms.

Plaintiff argues that by use of the disjunctive "or" Instruction 5 permitted the giving of two converse instructions contrary to the statement in "Notes on Use" following MAI 29.02 that "Defendant may give only *one* converse for each verdict directing instruction." In Instruction 4, the verdict directing instruction to which Instruction 5 was directed, plaintiff submitted that defendants were "negligent" and that she sustained "damages." If the jury believed that *either* did not occur plaintiff was not entitled to recover. See Schaefer v. Accardi, Mo., 315 S.W.2d 230. It would, therefore, have been improper to submit the two propositions with the conjunctive "and" because the jury would have been instructed that its finding must be for defendants only in the event it did not believe both propositions. Defendants did not submit a separate converse instruction to plaintiff's damage instruction, as was attempted to be done in Pauling v. Rountree, Mo.App., 412 S.W.2d 545. MAI makes it clear that when the "First Method" of a converse instruction is used, there may be included in the one permitted converse instruction more than one proposition, provided only that the propositions conversed are submitted in the verdict directing instruction. This is what defendants did in Instruction 5. The reference in "Notes on Use" that a defendant may give "only one converse" for each verdict directing instruction means "only one converse" instruction.

■ We consider now plaintiff's contention that the second proposition submitted in Instruction 5, that plaintiff sustained "damage," is not a "true converse" and had to be supported by evidence. She argues that "there can be no question but that plaintiff was injured." That is true if the jury believed plaintiff's evidence. But,

plaintiff had the burden to prove damage which was essential to her right to recover, Schaefer v. Accardi, supra, and absent a judicial admission on the part of defendants, which did not occur, "the credibility of the witnesses giving oral testimony establishing the affirmative remains for the jury." Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461. See also Schaefer v. Accardi, supra, and Beezley v. Spiva, Mo., 313 S.W.2d 691. It is stated in the explanation of the "First Method" of submitting a converse instruction, MAI 29.01, that "This form requires no independent evidence to support it." In MAI 29.02(3) the form there set forth as an example of a converse instruction using the " 'If you do not believe' introduction" (which is the "First Method" and which requires no independent supporting evidence) contains this language: "Your verdict [or finding] must be for defendant * * * if you do not believe that plaintiff sustained damage." We necessarily conclude that the converse of damages in a verdict directing instruction, when submitted in the language set forth in the "First Method" and in MAI 29.02(3), is a true converse and does not require separate evidentiary support.

By Instruction 6 defendants submitted contributory negligence on the part of plaintiff in that she "failed to keep a careful lookout" or "stepped into the path of defendant Grotsky's automobile when it was not reasonably safe to do so." Plaintiff asserts this instruction was not supported by the evidence.

The bus was headed west on Arsenal Street and had crossed Sublette Avenue and stopped in a designated bus-stop area which extended about 50 feet west of Sublette Avenue. Plaintiff testified that when she alighted from the bus she turned and faced south. She could see eastwardly on Arsenal Street, and she saw the lights on an automobile about a block and a half away which was coming toward her. Ater she passed in front of the bus and arrived at its left front corner, she looked again to the east and saw an automobile four or five feet east of Sublette Avenue. There was nothing between her and that automobile, and she thought it was safe to cross the street. When she reached the center of Arsenal Street, or a little past the center, she was struck by the Grotsky automobile.

Plaintiff argues that there is no evidence that she "did not look to the east," that the only evidence is that she did, and that in this factual situation she "cannot be found to be contributorily negligent." Plaintiff cites and relies on Carradine v. Ford, 195 Mo.App. 684, 187 S.W. 285, and Strauchon v. Metropolitan Street Railway Co., 232 Mo. 587, 135 S.W. 14. Both of these cases pertain to alleged contributory negligence as a matter of law, and we do not consider them to be particularly helpful.

■ It is necessary that in order to authorize the giving of an instruction on failure to keep a careful lookout, that substantial evidence be produced showing that the person charged with that negligence, in the exercise of proper care, could and should have seen the danger of injury in time thereafter to have taken available and effective precautionary action. Zalle v. Underwood, Mo., 372 S.W.2d 98, 102; Allen v. Bi-State Development Agency, Mo.App., 452 S.W.2d 288.

■ The submission in this case was that plaintiff failed to keep a *careful* lookout. The evidence authorizes a finding that by looking eastward plaintiff saw the Grotsky automobile approaching, but she thought it was safe to cross the street. However, in this she obviously was wrong because she then walked into the path of the automobile. In Miller v. St. Louis Public Service Company, Mo., 389 S.W.2d 769, 771, this court stated that the "object and purpose of the strict requirement that persons operating motor vehicles keep a proper lookout upon public streets and highways is that they may acquire knowledge of the presence of other persons and objects on

such streets and highways, and an awareness of dangerous situations and conditions. It is only because of that knowledge and awareness that the operators of motor vehicles may take appropriate precautionary measures to avoid injury to themselves and other persons within an existing area of peril." In McDaniels v. Hall, Mo.App., 426 S.W.2d 751, the above quoted duty to maintain a careful lookout was considered in a factual situation where the plaintiff (against whom contributory negligence in failing to keep a careful lookout was submitted) looked and saw the other automobile but failed to appreciate its position and the danger it created. After ruling that the evidence in that case did not justify the submission of the lookout instruction on the basis that plaintiff was negligent in failing to see the other automobile earlier than he did, it was held: "There is, however, an abundance of evidence from which the jury could have found that plaintiff failed to keep a careful lookout in that he negligently failed to observe that defendant's car was traveling in and about to pass him in the left lane."

Under the evidence in this case, a jury reasonably could believe that even though plaintiff looked to the east and saw the Grotsky automobile, she did not look with sufficient care to appreciate and apprehend its danger to her if she proceeded into the street, and that such failure on her part constituted a failure to keep a careful lookout.

Plaintiff also contends that there was no evidence to support the submission that she stepped into the path of the Grotsky automobile when it was not reasonably safe to do so, and she asserts that to make such a finding it "is necessary to totally disbelieve plaintiff's testimony that the second time she saw the automobile it was four or five feet east of Sublette Avenue." Of course, this is what the jury was entitled to do. The fact remains that after looking, plaintiff stepped from a place of safety, moved a few feet into the path of the automobile, and was then struck by it. These facts constituted evidentiary support for the submission.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.