**Odessa NIX, Plaintiff–Appellant,**

v.

**SEARS, ROEBUCK & CO.,
Defendant–Respondent.**

**No. WD 42480.**

Missouri Court of Appeals,
Western District.

July 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Arthur W. Kase, Julie L. Prewitt, Kansas City, for plaintiff-appellant.

G. Spencer Miller, Kansas City, for defendant-respondent.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM:

Plaintiff Odessa Nix appeals from a judgment for defendant, in pursuance of a jury verdict which found both plaintiff and defendant free of negligence in plaintiff's personal injuries claim against Sears, Roebuck & Company. She appeals with the complaint that the court erred in denying her motion for a directed verdict on the issue of liability at the close of all the evidence, in that the evidence (she claims) showed the defendant negligent as a matter of law.

Plaintiff, driving north on Prospect Avenue on her way to work on a rainy morning, stopped behind a car preparing to turn left which was stopped to allow oncoming traffic to clear. Plaintiff's car was struck from the rear by defendant's van being driven by defendant's employee Williams. Plaintiff alleges she was injured.

■ Plaintiff's claim was submitted to the jury on the rear-end doctrine. The rear-end doctrine holds that plaintiff to make a submissible case of negligence needs only to prove that she was struck from behind by defendant's vehicle when plaintiff's vehicle was where it had a right to be and was not being operated in a negligent manner. Plaintiff does not need to prove specifically what negligence of the defendant caused him to run into her. *Jones v. Central States Oil Co.*, 350 Mo. 91, 164 S.W.2d 914, 920 (1942); *see also, Mueller v. Storbakken*, 583 S.W.2d 179, 182–83 (Mo. banc 1979); *Barlow v. Thornhill*, 537 S.W.2d 412, 420 (Mo. banc 1976); *Lichtenberg v. Hug*, 481 S.W.2d 527, 529–30 (Mo.App.1972); *Jones v. Central States*

*Oil Co.*, 170 S.W.2d 153, 157–58 (Mo.App. 1943).

■ Plaintiff claims the court erred in denying her motion for a directed verdict at the close of all the evidence. She cites to us *Watts v. Handley*, 427 S.W.2d 272 (Mo. App.1968), where the trial court was held to have correctly granted plaintiff's motion for a directed verdict where defendant in his deposition and his counsel in opening statement to the jury admitted that plaintiff was stopped without negligence and that defendant struck plaintiff's vehicle from the rear. In *Watts* there was no explanation for the collision which would have acquitted defendant of negligence.

In the present case, defendant's driver Williams, after testifying that the roadway was wet, and that he had applied his brakes and had attempted to swerve to avoid the collision with plaintiff's car, was asked what effect the wetness had on his ability to stop. Williams answered:

> In my opinion, *it was the main cause.* Could have been mine too, maybe I applied my brakes too hard. But they were applied and *after I seen that I was sliding into her, at that point I was sliding,* had my brakes, my wheels just kind of locked up, so I swerved to see if I could miss her. Had I done it maybe a second or two earlier, I would have went on around her. But it just clipped her.

This explanation prima facie acquitted defendant of negligence and presented an issue of fact with respect to defendant's negligence. It was for the jury to decide. The jury could believe or disbelieve Williams' version of the accident, or, believing it, could find that his explanation did or did not excuse his running into the rear of plaintiff's automobile. *Schaefer v. Accardi*, 315 S.W.2d 230 (Mo.1958). Said the court in that case:

> However, defendant did give a reason for the collision; that his automobile slid because of the wet street and freezing temperature. Of course, the jury might have found that this reason constituted no justification, but the mere proof or admission that an automobile skidded or

slid into collision with another does not necessarily establish negligence....

*Schaefer*, 315 S.W.2d at 232–33.

While the court in *Schaefer*, as plaintiff points out, was not dealing with a case where plaintiff was putting his case on the rear-end doctrine, we think the holding for which we have cited *Schaefer* is applicable to the rear-end case like the one before us. It has been cited for that proposition in the rear-end case of *Stanziale v. Musick*, 370 S.W.2d 261, 266 (Mo.1963).

The trial court was not in error in denying plaintiff's motion for a directed verdict at the close of all the evidence.

Judgment affirmed.